Augustus L. Dortic, plaintiff in error, *vs.* Alexander E. Dugas, defendant in error.

Equity will not enjoin a defendant from the free disposal of his property on the application of a creditor who sets up no lien upon or title to the property, and who presents no other equity than his simple fear that when he reduces his claim to judgment, he will not be able to find property on which to levy it.

Injunction.   Debtor and creditor.   Before Judge Gibson. Richmond county.   At chambers.   January 16th, 1874.

Dortic filed his bill against Dugas, in which he set up various claims against the defendant, growing out of the partner-

ship of Holt, Dugas & Company, of which they had both been members. The bill set out several pieces of property belonging to the defendant, and others in which he had a remainder interest, all of which would barely be sufficient to satisfy the decree which might be had upon a final trial. It alleged that the defendant was endeavoring to sell said property, and that if he was permitted to accomplish his purpose, complainant would be remediless. Prayer, for the writ of injunction.

The chancellor refused the injunction and complainant excepted.

SALEM DUTCHER, for plaintiff in error.

JAMES S. HOOK, by SAMUEL F. WEBB, for defendant.

McCAY, Judge.

We do not care to go into the merits of the complainant's demand in this case. It may be that he has been deeply wronged; it may be that he is justly entitled to recover damages of the defendant, or it may be not a just complaint. That will depend upon the evidence at the hearing. We are clear, however, that the judge was right in refusing the injunction. No case can be found where an injunction, ad interim, has been granted to prevent the defendant from selling his own property, on which the complainant has no lien, or in which he has no interest, to await the establishment of the complainant's demand, unless there be special circumstances of contemplated fraud by the defendant. Here is nothing set up by the complainant but a demand on his side and a statement that he fears when his debt is established, the defendant will have disposed of his visible effects. The process of injunction has never, in the practice of chancery courts, been used in such a case. As to legal assets, it would be difficult even to sustain the jurisdiction of the court at all. If the assets be equitable, such as cannot be reached by an execution at law, equity will entertain jurisdiction, but the rule is uniform

that the complainant must, even then, have first established his claim by a judgment: See the case of *Cubbedge & Hazelhurst vs. Adams,* 42 *Georgia,* 125. The case of *Sands vs. Marbury,* 36 *Georgia,* 534, is anomolous, and stands on peculiar facts. The defendant was a married woman; could not be sued at law, and she was openly avowing her intent to defraud the complainant by turning the property into money. She was, besides, a non-resident, and the case was plain that, without the injunction, the complainant would lose his debt. What right has the complainant in this case to say that if he gets a judgment, the defendant will not pay it? And what right does he show to prevent the defendant from changing his property from one form of property to another? If he sells the property he now has, may he not buy other property with the money, or may he not take the money to pay the judgment? It would be a very hurtful power for a court to have to prevent a citizen from selling his property until it could be ascertained that the complainant had an honest claim. That is all there is in this case, and we think the granting of injunction on the charges in the bill, even without the answer, would be illegal and oppressive.

Judgment affirmed.