CHARLES WACHTEL *et al.*, plaintiffs in error, *vs.* JAMES WILDE, JR., & COMPANY *et al.*, defendants in error.

This case, in the main, is analagous to that of Cohen *vs.* Myers *et al.*, 42 *Ga.*, 46, and as in that, so in this case, this court will not control the discretion of the circuit judge in granting the injunction and appointing a receiver. The equities of all parties can be better adjusted on a full hearing of the case on the merits.

Injunction. Receiver. Before Judge HILL. Bibb County. At Chambers. March 10th, 1877.

James Wilde, Jr., & Co., and other creditors of Charles Wachtel, and of Wachtel & Kohn, filed their bill against the last named parties and S. Waxelbaum & Bro., making, in substance, the following case :

In the month of August, 1876, Charles Wachtel, in behalf of himself, and of said firm of Wachtel & Kohn, of which he was a member, applied to complainants, in the city of New York, to sell to him certain goods, etc., to be shipped .to Macon, Georgia. To induce complainants to sell such goods on a credit, he represented that he had a store in Macon, in which he carried on business in his own name ; that the firm of Wachtel & Kohn conducted their business in another store in the same city ; that the stock in the two stores was worth about $22,000.00 ; that there were good debts due the two concerns amounting to about $4,500.00 ; that they owed about $5,000.00, none of their debts being past due, and that all would be promptly met ; that they did not owe S. Waxelbaum & Bro. anything so far as he remembered, though he might possibly owe them $500.00.

Relying upon these representations, complainants sold various lots of merchandise to the defendants, Charles Wachtel and Wachtel & Kohn, on a credit. The time given has expired, and compainants have demanded the respective amounts due them, but payment has been refused. The representations aforesaid were false and fraudulent, and were made for the purpose of deceiving and defrauding complainants, and with the view of obtaining goods without paying for them.

Said representations were, as complainants have very recently ascertained, false and fraudulent in this: On or about July 5th, 1876, the said Wachtel executed to the firm of S. Waxelbaum & Bro., a mortgage on the goods in his store to secure the payment of a note for $4,738.50; on or about the same date, Wachtel & Kohn executed to the same defendants a mortgage on the stock in their store, to secure the payment of three notes aggregating $4,484.15.

Each one of said representations was false and fraudulent. At the time they were made, the stocks of goods could not have been sold for much, if any, more than the debts they then owed. The said mortgages were not recorded until December 9th, 1876. This withholding from record was for the fraudulent purpose, under a collusive arrangement between the defendant, Charles Wachtel, and Waxelbaum & Bro., of enabling the said defendants to procure and retain credit as merchants carrying on business as aforesaid. All knowledge of the existence of either of said mortgages was withheld from complainants, and they had no notice of the same until after the record thereof. The defendants, Wachtel & Kohn, are relatives of Waxelbaum & Bro., which latter firm does a large wholesale and retail business, in the city of Macon, and have business connections in the city of New York. By reason of such relationship, and by reason of their business connections, Waxelbaum & Bro. had favorable opportunities of knowing the condition of defendants, from time to time, and their business dealings with other parties; and had ample opportu-

nity, if they were so disposed, to inform complainants of the existence of the mortgages executed to them as aforesaid, but being in collusion with Wachtel & Kohn, they not only withheld their mortgages from record, but also concealed the fact that they held such liens, or such debts, against said defendants, from complainants and others.

In further collusion with Waxelbaum & Bro., said Wachtel & Kohn, in the month of October or November, 1876, turned over to them goods purchased from complainants, Wilde, Jr., & Co., which goods were offered for sale by Waxelbaum & Bro., in the city of Griffin, at rates considerably below the ordinary retail prices of such goods in that market.

The defendants Wachtel and Wachtel & Kohn, are insolvent. When called on for payment, they fail either to pay or to make any satisfactory statement of their condition, and particularly how they became so much more largely indebted than they represented. They are still carrying on business in their respective stores, selling what remains of their said stocks at retail, and pocketing, or otherwise disposing of, the money received therefor. Complainants fear that they are secretly disposing of portions of their said stocks to Waxelbaum & Bro., or others, and that they will continue to do so, unless restrained, until the whole of their goods and effects are either sold or fraudulently disposed of, before any judgments can be obtained by complainants.

Complainants have brought suits at common law, returnable to the April term, 1877, of Bibb superior court.

They pray as follows: That Waxelbaum & Bro. be enjoined from taking any steps towards foreclosing said mortgages, and from interfering with, or disposing of, any of the goods in said stores until the further order of the court; that Charles Wachtel, and Wachtel & Kohn, be restrained from selling, or in any manner disposing of said goods, until the further order of the court; that a receiver may be at once appointed to take charge of and hold said stocks of goods, books of account, and other property and effects in

said stores, in order that they may be preserved undisposed of, subject to the decree of the court. As ground for the immediate appointment of said receiver, complainants allege that they are unable to state the quantity, kind, or value of said stocks; that the defendants are irresponsible, and claim to be insolvent; that they can easily and secretly send away to confederates and others, and otherwise dispose of, large portions of said stocks without complainants, or the officers of court, being able to ascertain the fact; that complainants believe they will take this course, and thus the restraining order would be in great part, if not wholly, ineffectual.

Complainants, waiving all discovery, further pray that the court decree the sale of said goods, and the application of the proceeds in discharge of their debts, so far as the same may go; that said mortgages be postponed, if not set aside as void, to the claims of complainants; that they may have general relief, and that the writ of subpœna may issue.

The answers of the defendants deny every material allegation in the bill. The only connection admitted between Waxelbaum & Brother and Wachtel & Kohn, was that Wachtel's wife and Kohn were cousins of a deceased wife of Solomon Waxelbaum.

The allegations in the bill as to the representations made in New York by Charles Wachtel, were strongly supported by numerous affidavits. Affidavits were also read in support of the answers.

The chancellor sanctioned the bill, and appointed a receiver. To this ruling the defendants excepted.

Lyon & Nisbet, by R. H. Clark, for plaintiffs in error.

Lanier & Anderson, Hill & Harris, for defendants.

Jackson, Judge.

The facts of this case reported above, show that it is very similar to the case of *Cohen vs. Myers et al.*, in 42 *Ga.* 46;

and we think that here, as there, all the equities can be better settled on the trial on the merits, and we will not control the discretion of the chancellor in granting the injunction and appointing a receiver.

Judgment affirmed.