JOHNSON & COMPANY *vs.* O'DONNELL & BURKE *et al.*

[Jackson, C. J., not presiding, on account of providential cause.]

1. Where a person who is insolvent purchases goods, and, not intending to pay, conceals his insolvency and intention not to pay, he is guilty of a fraud, which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods.

2. Under the allegations in this bill, a court of equity has jurisdiction, and the remedy in equity is more adequate and complete than at law. The bill shows that the goods of complainants were fraudulently acquired by their vendees, and fraudulently transferred to the other defendants; and to avoid a multiplicity of suits, a court of equity would have jurisdiction, there being no objection of multifariousness or misjoinder of defendants.

3. Complainants have the right of creditors to test the validity of preferred debts and to require an accounting from the assignees.

January 12, 1886.

Insolvency. Fraud. Debtor and Creditor. Equity. Before Judge RONEY. Richmond Superior Court. April Term, 1885.

On January 9, 1885, W. W. Johnson, who was doing business under the name of W. W. Johnson & Company, filed his bill against O'Donnell & Burke, the members of that firm, their wives, and R. H. May, alleging, in brief, as follows: On December 17, 1884, the complainant sold to O'Donnell & Burke a bill of liquors amounting to $493.27 on ninety days' time. In doing this, he relied on their past credit and standing, and acted without any knowledge of their insolvency, which had occurred since his last shipment to them. At the time of the purchase, they were insolvent, and so knew themselves to be, having previously executed to their wives mortgages on their stock in trade for $1,161 and $2,380, respectively, intending to keep them back from record, so that no notice of them could be had by the complainant. They did not intend to pay the complainant for the goods, and purposely kept back the fact of insolvency, which was unknown to him. The mortgages were not recorded until June 8, 1885. On December 4, 1884, O'Donnell sold certain real estate to one Young for $5,000, and other property to one Cotter for $900 on December 5. On February 21, 1884, Burke had conveyed certain realty to his wife, but none of these deeds were recorded until the failure of the firm, and they, with the assignment afterwards made, divested the firm and its members of all property with which to pay the complainant. On January 2, 1885, a notice was published in the newspapers at Augusta, Georgia, where the defendants lived, announcing the voluntary dissolution of the firm, and stating that Burke had purchased the interest of O'Donnell, and would pay all debts and continue the business. O'Donnell published a notice recommending all the old customers to continue their patronage to Burke, and

the latter published a notice that he would be ready to extend to them every commercial courtesy, and would be found at the store as usual. Afterwards, learning from the newspapers that the firm had failed, on inquiry, complainant ascertained that on January 3, Burke executed an assignment of all his property to R. H. May for the benefit of creditors, preferring the mortgages of Mrs. O'Donnell and Mrs. Burke. On January 8, 1885, the assignee published a call for debtors to pay and for creditors to present their bills. The assignment is charged to be void for non-compliance with the requirements of law as to the mode and manner of executing the same, for reserving a benefit to the assignor, and to pass no title to the goods of the complainant. The assignment does not distinctly show on its face whether these goods are covered by it. The assignment is further charged to be void, because the affidavit to the schedule attached thereto is not positive, but only according to the best of the assignor's knowledge and belief. The first preferred debts are charged to be void as against the complainant for want of a valuable consideration. He has demanded possession of the goods from Burke and May, but it has been refused. Each of these defendants is charged to be insolvent and combining and confederating together to injure him, refusing to recognize his rights and claiming that a title to the goods passed under the assignment. The debt to the complainant is not due, and there is danger that the goods will be disposed of under the power of sale contained in the assignment. The prayers were for injunction against the sale of the goods by the assignee, or the payment out of any money by him on any preference under the assignment, and for receiver; also that the title to the goods be decreed to be in complainant, or in default of this, if it should be held that he was a creditor of the firm, that the assignment be set aside and the mortgages held by Mrs. O'Donnell and Mrs. Burke be cancelled, and that an accounting of the affairs of the firm be had.

On general demurrer, this bill was dismissed, the chan-

cellor stating in his order that the question argued before him was whether there were sufficient allegations of fraud to avoid the title to the property in dispute. The complainant excepted.

FRANK H. MILLER; W. K. MILLER, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

The bill filed in this case (which is set out in the report) was demurred to for want of equity. The court sustained the demurrer and dismissed the bill. The plaintiff excepted, and error is now here assigned on said exception.

The allegations in the bill are to be taken as true. Where a party purchases goods, who is insolvent, and, not intending to pay, conceals his insolvency and his intention not to pay for them, he is guilty of a fraud which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods. 93 U. S., 633; 1 Hill, 302, 311; 53 N. Y., 462; 79 *Id.*, 255; 15 M. & W., 216; 70 *Ga.*, 417; 68 *Id.*, 138; 42 *Id.*, 46; Code, §§2635, 3175, 3173. Under the allegation in the bill, a court of equity has jurisdiction, and the remedy in equity is more adequate and complete than at law. Code, §2635. The bill shows that plaintiff's goods, thus fraudulently acquired by O'Donnell & Burke, have been fraudulently transferred to the other defendants in the bill. The subject-matter is the goods of plaintiff, and to avoid a multiplicity of suits, a court of equity would have jurisdiction, there being no objection of multifariousness or misjoinder of defendants.

The complainant has the rights of a creditor to test the validity of preferred debts, and to require an accounting from the assignee. 70 *Ga.*, 313, 321.

There was error in sustaining the demurrer and dismissing the bill.

Judgment reversed.