WOLFE *et al. vs.* CLAFLIN & COMPANY *et al.*[*]

1. As a general rule, a party must pursue his legal remedies to their available extent before he can go into equity for relief; but this rule is not without exceptions. Where a creditor shows that his rights are in peril; that he has sold goods to a defendant upon the faith of the latter's representations, which were false and fraudulent; that he rescinded the contract and claimed the goods as his own; and that defendant had given a mortgage on the goods to a person residing in another State, which was claimed to be fraudulent, which had been foreclosed, and under which the goods were about to be sold, a case for equitable interference is sufficiently made out.

2. In a case of this kind, the chancellor may look to the whole case, its general countenance and bearing, and after considering the case as presented by the pleadings and proofs submitted, should, if he believes the ends of justice require it, put his hands upon the property in question and keep it *in statu quo* until a jury can pass upon the case.

(*a*) In this case, a wise discretion was exercised, and the rights of the defendants guarded by requiring bond of complainants before appointing a receiver.

May 21, 1888.

Equity. Injunction. Receiver. Remedies. Debtor and creditor. Fraud. Before Judge JENKINS. Morgan county. At chambers, March 28, 1888.

Reported in the decision.

FOSTER & BUTLER and CALVIN GEORGE, for plaintiffs in error.

McHENRY & McHENRY and WEIL & BRANDT, *contra*.

BLANDFORD, Justice.

1. As a general rule, a party must pursue his legal remedies to their available extent before he can apply to a court of equity for relief; but this rule is subject to some exceptions. Where a party shows that his rights are in peril and he is in danger of losing them; that he

[*]BLECKLEY, C. J., did not preside in this case, on account of indisposition.

had sold goods to the defendant upon the faith of the latter's representations, which were false and fraudulent, and afterwards rescinded the contract and claimed the goods as his own; and that the defendant had given certain mortgages on the goods to persons residing in another State; we think this makes out such a case as falls within the ruling in the case of *Cohen vs. Meyers, Cohen & Co.*, 42 *Ga.* 46. In that case this court held that a creditor, although not a judgment creditor, might, under certain circumstances, resort to equity. And that case is sustained by the rulings in *Cohen & Co. vs. Morris & Co.*, 70 *Ga.* 319; *Johnson & Co. vs. O'Donnell & Burke*, 75 *Ga.* 456; *Orton et al. vs. Madden et al.*, 75 *Ga.* 83.

2. It is further insisted in this case that the allegations in the bill were not sustained by affidavits or proof submitted to the chancellor on the hearing; and therefore that he committed error in granting the injunction and appointing a receiver. We think that in a case of this sort, the chancellor may look to the whole case, its general countenance and bearing, and after having considered the case as presented by the bill, together with such proofs as may be submitted to him, should, if he believes the ends of justice require, put his hands upon the fund in question and keep it *in statu quo* until a jury can pass upon the case. And only a very strong case would authorize this court to interfere with the discretion of the court below in so doing. We think this position is fully sustained by the authorities cited by counsel for the defendant in error. *Wachtel vs. Wilde, Jr., & Co.*, 58 *Ga.* 50; *Albany and Renssellaer Iron and Steel Co. vs. Southern Agricultural Works*, 76 *Ga.* 169. We think, therefore, that the chancellor committed no error in granting the injunction and appointing the receiver; that this is a proper case to be held up until the

matter can be investigated before a jury.   And while great harm might come to these complainants, the defendants in error, if the injunction were not granted and a receiver appointed, we cannot see any harm that can come to the plaintiffs in error, inasmuch as the complainants were required to give bond and security to the plaintiffs in error, for all damages that might be sustained by them in consequence of this proceeding in the event the same should not appear to be well-founded.
   Judgment affirmed.