KIMBRELL *et al.* *v.* WALTERS' SONS & COMPANY *et al.*

1. The act of 1881, Code, §3149(a), for closing up an insolvent firm of traders does not apply, the firm having been dissolved, and its business having been thereafter actually stopped by seizure of its stock in trade under legal process to its full value, some days antecedent to the filing of the present proceeding against the firm.

2. Creditors who have not reduced their demands to judgment, and who have no lien otherwise, cannot, as a general rule, under the general law, enjoin their debtors from selling or disposing of their property.

3. There being no right to enjoin the debtors themselves from parting with their property, an injunction against a creditor holding real estate as security, restraining him from restoring it after his claim is satisfied, should not have been granted.

4. In order not to interfere with that element of the case which looks to reclaiming goods, as procured by fraud in the purchase thereof, the debtors are left to stand and remain enjoined from selling or disposing of any goods purchased of these creditors.

*November 10, 1890.*

Injunction. Traders. Insolvency. Debtor and creditor. Practice. Before Judge RICHARD H. CLARK. DeKalb county. At chambers, April 24, 1890.

Reported in the decision.

SIMMONS & CORRIGAN, for plaintiffs in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

This was a proceeding under the insolvent traders' act of 1881. Code, §3149(a) *et seq.* The judge denied the application for injunction and receiver as prayed for, but granted an injunction "restraining defendants from selling or otherwise disposing of their property until the final decree on said petition, and that M. C. & J. F. Kiser shall be enjoined from reconveying or returning the title deed he holds from ―――― Kimbrell, should their mortgage claim be satisfied out of the mortgage property, or if any balance, should they be paid that balance, but to hold said deed subject to the final decree upon said petition." As all the defendants are restrained from selling or otherwise disposing of their property, this order, literally taken, would include M. C. & J. F. Kiser & Co., Mrs. Jane Kimbrell and the sheriff, all of whom acknowledged service as defendants, as well as the debtors, J. H. Kimbrell, Sr. and J. D. Kimbrell, constituting the firm of J. H. Kimbrell

Sr. & Co. We have no doubt, however, that it was the purpose of the judge to restrain only these debtor defendants from selling or disposing of their property.

1. The first question is, could this be done under the facts of the case presented in this record ? J. H. Kimbrell Sr. & Co. became indebted as a firm of traders to the plaintiffs in the petition, and while so indebted, executed a mortgage upon their stock in trade to M. C. & J. F. Kiser & Co. on the 5th day of February, 1890. They dissolved their partnership on the same day, but it seems their stock remained in the store and was offered for sale as usual in a continuous business until it was seized by the sheriff by virtue of the *fi. fa.* in favor of M. C. & J. F. Kiser & Co., issued upon the mortgage which had been given to them on the 5th of February. The exact date of this levy does not appear, but it was before the plaintiffs commenced their proceeding, which was on the 1st of March, 1890. The inference may be drawn that it was at least a week before that time, for the plaintiffs allege that the sale by the sheriff was advertised to take place on the 3d day of March. The general law (Code, §3072) requires such sales to be advertised for four weeks, but by special order they may take place, where the property is perishable or expensive to keep, after ten days advertisement. Code, §3648. The mortgage was foreclosed on February 17th. The evidence in the record indicates that the stock of goods levied upon was not more than sufficient to pay the mortgage, and there is no clear evidence that the firm, as such, owned other property. It is manifest that by reason of the dissolution of the partnership and the seizure of its effects, the firm had ceased to be traders before the plaintiffs proceeded against it. This being so, the traders' act of 1881 did not apply, and the judge had no power to grant any injunction by virtue of that act. "It is to stop the

trade of a firm of traders who owe money, if they do
not pay on demand, that the act was passed; these two
are no longer such traders, and were not when the bill
was brought." *Scott* v. *Jones*, 74 *Ga.* 763; *Comer* v.
*Coates*, 69 *Ga.* 491; *Coates* v. *Allen*, 71 *Ga.* 787; *Blanch-
ard* v. *Vansyckle*, 70 *Ga.* 278.

2. Doubtless the judge took this same view of the
subject, for he declined to appoint a receiver and grant
an injunction as prayed for, but simply enjoined the
debtors in general terms from selling or disposing of
their property. But such an injunction could not be
granted without direct aid from the act of 1881, for the
reason that the plaintiffs had no lien, by judgment,
mortgage or otherwise, the debts in their favor being of
no higher rank than promissory notes. For this de-
cision we refer to the cases above cited.

3. The next question is as to the special injunction
granted against M. C. & J. F. Kiser. That was equally
unwarranted, for if the plaintiffs were in no condition
to restrain their debtors from disposing of their prop-
erty, they were not in a condition to hold up any of
that property in the hands of the Kisers to await the
result of this suit. The deed held by the Kisers, to
which the injunction relates, was not a conveyance
of partnership property, but of the individual property
of one of the partners, J. H. Kimbrell Sr., the object
of which was to give Kiser & Co. additional security
for their debt against the firm of Kimbrell & Co. Why
should the Kisers be restrained from surrendering that
deed, whether their debt should be paid or not, if they
chose to surrender it and rely wholly on the firm prop-
erty for the collection of their debt? What right would
that give other creditors of the firm to complain, such
other creditors having no lien either upon the property
embraced in the deed or any other property?

4. In dealing with the injunction granted, we treat

as unimportant to the present status of the case the allegation of the plaintiffs that some of the debt in their favor was created by fraud, and the consequent feature of the petition looking to a rescission of the sale of goods made by them to the firm of J. H. Kimbrell Sr. & Co. on account of this fraud. We understand from the record that all these goods remaining unsold were covered by the mortgage in favor of Kiser & Co.; and as there was no injunction to restrain the sale of the goods by the sheriff, we take it that the judge thought either that there was not sufficient evidence of fraud in the purchase from the plaintiffs, or else that the particular goods, not being specified by plaintiffs in their petition, could not be identified sufficiently to warrant a separate order in respect to them. We wish to be understood as making no ruling touching this element of the petition or affecting the rights of the plaintiffs to pursue any goods which they may wish to reclaim by reason of fraud committed upon them in the purchase of the same. In order to leave this element untouched, we shall, while reversing the judgment, direct that the firm of J. H. Kimbrell Sr. & Co., and the members thereof, remain enjoined from selling or disposing of any goods purchased from the plaintiffs.

*Judgment reversed, with direction.*