SPENCE <i>v.</i> SOLOMONS COMPANY <i>et al.</i>

Where money is held by a receiver in a court of equity, which by decree is payable to the plaintiff, it is erroneous for the chancellor, upon application of a general creditor of such plaintiff, who has no lien by judgment or otherwise, nor any interest in the fund, either legal or equitable, to order the same held by the receiver until such creditor can institute and prosecute a suit for the recovery of a judgment.

Submitted May 25,—Decided August 8, 1907.

Intervention.　Before I. J. Hofmayer, judge pro hac vice. Mitchell superior court.　May 12, 1906.

J. M. Spence instituted suit against Perry's Pharmacy, a corporation, for the purpose of foreclosing a mortgage in equity. A receiver was appointed. Solomons Company and numerous other persons intervened. Solomons Company intervened specially and sought affirmative relief against Spence, the plaintiff, and alleged the following: 1.　"That to the October term, 1905, of this honorable court, there was filed a petition by J. M. Spence against Perry's Pharmacy, a corporation within the jurisdiction of said court, brought for the purpose of foreclosing in equity a certain mortgage executed by said Perry's Pharmacy to said J. M. Spence on or about the 17th day of October, 1904, to secure a note of like date for the sum of $4,200, due six months after the date thereof. That under said petition this court appointed T. B. Perry receiver of the assets of the defendant mortgagor, who, under the order of this court, sold the assets of said defendant which were covered by said mortgage, realizing therefrom the sum of thirty-one hundred dollars, or other large sum.　2.　That there is now in the hands of the receiver in said cause the said sum of money, less any disbursements for expenses which said receiver may have legally paid out under order of this court, which said sum is for disbursement as this court may order in the final decree to be entered herein. 3.　That your petitioner is the holder of three certain promissory notes, aggregating the principal sum of one thousand, six hundred and fifty-eight and 95-100 dollars, besides interest and pro-

test fees, which said notes are as follows: One for the sum of six hundred and fifty-eight and 95-100 dollars, dated Jan. 18, 1905, due on June 15, 1905, signed by Perry's Pharmacy and endorsed by B. Perry, T. B. Twitty, and J. M. Spence, and bearing interest from maturity at the rate of eight per cent. per annum. Said note was protested for non-payment at the cost of one and 50-100 dollars, paid by your petitioner. A copy of said note is hereto attached as part hereof, marked Exhibit A, to which reference is hereby made for the particulars thereof. Two of said notes are for the sum, respectively, of five hundred dollars each, dated Jan. 23, 1905, signed by M. V. Robbins and D. V. Thompson, who also sign by their firm name, Thompson & Robbins Drug Co., and bearing interest from Jan. 17th, 1905, at the rate of eight per cent. per annum. Each of said notes was duly protested for non-payment at a total cost of three dollars paid by your petitioner. Copies of said two notes are hereto attached as part hereof, marked Exhibit B, to which reference is made for the particulars thereof. 4. Your petitioner further shows that by reason of the liability to it by J. M. Spence, in virtue of his endorsement notes and his failure to pay same, it has an interest in the fund now in the custody, through its officer and receiver, to the extent of the amounts due upon said notes, to wit, the principal, interest, and protest fees. 5. Your petitioner further shows that under the laws of this State it is not permitted to garnish the receiver, and avers that, unless allowed to intervene in this cause on its own behalf, for the purpose of the fund in court, should the said plaintiff recover in his action subjecting to the payment of its debt against the said J. M. Spence, to wit, the amount of the principal, interest, and protest fees of said three notes, by reason of his liability thereon as endorser, it apprehends that said amounts or some part thereof will be lost to it, for the reason that, so far as it is informed and believes, the said J. M. Spence has no tangible property out of which your petitioner could collect the amounts due to it by the said J. M. Spence, as aforesaid, by the ordinary process of suit, judgment, and execution. 6. That by virtue of his said endorsement on the notes above set forth, the said J. M. Spence is indebted to your petitioner in the principal sum of one thousand, six hundred, and fifty-eight and 95-100, the further sum of four and 50-100 dollars protcst fees, and interest on said principal sum from March 17,

1905, that being the average interest date, at the rate of eight per cent. per annum." The intervention originally contained a prayer for judgment against Spence, but this prayer by amendment was stricken, and in lieu thereof the following was substituted: "Intervenors pray that in the event that it shall be decreed by the court that the mortgage sought to be foreclosed by J. M. Spence is a valid and binding instrument and that the said J. M. Spence shall recover of the defendant, Perry's Pharmacy, thereon, that then and in this event that the receiver of this honorable court be decreed to hold up and retain in his custody out of any moneys in his hands to which the said mortgagee may be entitled, or the same may be otherwise impounded by this honorable court or a sufficiency of said funds to pay off in full the notes due to this intervenor as shown in their original intervention, as same may be ascertained and fixed in an action at law between this intervenor and the said J. M. Spence." Spence did not file an answer to the intervention, but demurred, among others, upon the ground that the intervention "does not show any right, either in law or equity, why the relief prayed for should be granted." The court overruled the demurrer, and, after hearing evidence, passed the following order: "After hearing the evidence in said intervention and after argument of counsel, it being made to appear to the court from the sworn allegations contained in the petition and intervention of Solomons Company, filed in this court in the cause above stated, and from the evidence introduced, that the plaintiff and mortgagee, J. M. Spence, is indebted to Solomons Company in the sum of (principal) one thousand, six hundred, and fifty-eight dollars and ninety-five cents, besides protests fees and interest as endorser on three certain negotiable promissory notes, and it appearing that said endorser is insolvent and that therefore said Solomons Company will be unable to compel payment of said debt by said endorser, and it further appearing to the court that there is now in the hands of T. B. Perry, as receiver of this court in said cause, a sum of money decreed to be paid by said receiver to the said J. M. Spence, on the mortgage foreclosed as above stated, upon the prayers of the petition and intervention of said Solomons Company that a sufficient sum in the hands of said receiver be withheld by said court and impounded to await the judgment that may be hereafter rendered between the intervenors and said J. M.

Spence in an action against said J. M. Spence by said intervenors, until the further order of the court; and it further appearing to the court, sitting as a court of equity, that said intervenors are without an adequate remedy in a court of law to reach said funds in the hands of the receiver of this court, by garnishment or otherwise, so as to subject same to any judgment that may hereafter obtain against the said J. M. Spence in said suit to be hereafter brought, it is ordered and decreed by the court that the receiver of this court in the above-stated case, T. B. Perry, shall retain from the said funds in his hands, belonging to and decreed to be paid by him to said J. M. Spence, the sum of nineteen hundred dollars to await the further order of this court in the premises; provided that this judgment and decree shall have effect only if the said intervenors, Solomons Company, within thirty days from date, file with the clerk of the superior court of Mitchell county a bond with good and solvent security to be approved by the clerk in the sum of one thousand dollars, payable to J. M. Spence, and conditioned to pay said Spence any damages and costs he may sustain by reason of the foregoing money being held up, in the event of failure of said intervenor to recover against said J. M. Spence in the suit aforesaid to be hereinafter instituted and brought within 60 days from date." Spence excepted, assigning error on the judgment overruling the demurrer, and upon the impounding of the money.

*E. E. Cox* and *Pottle & Glessner,* for plaintiff in error.

*Theodore Titus* and *Jacob Gazan,* contra.

ATKINSON, J. Solomons Company found the money of Spence in the hands of a receiver in the court of equity, and sought to impound it. To accomplish that object, averring that garnishment was not the remedy, the aid of equity and the application of equitable remedies were sought. The relief prayed is not against the defendant whom Spence was suing, but against Spence. It is independent and in no way germane to the relief which Spence was seeking against Perry's Pharmacy. It was unnecessary to call the proceeding an intervention. In a proper case, Solomons Company could, of course, by equitable remedy, impound the money found in the hands of a receiver or in the hands of the defendant or in the hands of any private individual. See, in this connection, *Field* v. *Jones,* 11 *Ga.* 413; *Baker* v. *Gladden,* 72 *Ga.*

469.    But in the case at bar, and in any other case where resort
is had to equitable remedies, it is incumbent upon the intervenor
to allege such facts as under equitable principles would have au-
thorized a court of equity to grant the relief.   The relief sought
is in its nature not less harsh than the writ of injunction or the
appointment of a receiver.   It is an attempt to limit the power of
control by Spence of money which rightfully belonged to him and
to which he was then entitled to possession.   Does the plaintiff
allege such facts as in equity would justify such a harsh remedy?
In an ordinary garnishment case it would be required to institute
an attachment suit, or a common-law suit seeking a lien; and in
either case they would be required to execute an approved statu-
tory bond in double the amount of the debt claimed to be due, be-
fore they could impound the fund.   Solomons Company has not
done even this.   Yet it is asking the interposition of an equitable
remedy.   Equity sometimes requires more, but never less than the
law exacts for the grant of particular relief.   It sufficiently appears
from the allegations of the intervention that at best the inter-
venor is no more than a general creditor of Spence, without any
lien, either by judgment or otherwise, and without interest, legal
or equitable, in the fund sought to be impounded.   Without lien
or interest, either legal or equitable, we can see no theory, under
the allegations of the intervention, by which, under equitable prin-
ciples, it could impound the money.   See, in this connection, *Pey-
ton* v. *Lamar,* 42 *Ga.* 131, and cit.; *Scott* v. *Jones,* 74 *Ga.* 762 (4) ;
*Guilmartin* v. *Railway Co.,* 101 *Ga.* 569, 29 S. E. 189, and cit.;
*McKenzie* v. *Thomas,* 118 *Ga.* 728 (6), 45 S. E. 610, and cit.;
*Tichenor* v. *Williams Pavement Co.,* 116 *Ga.* 308, 45 S. E. 505.

                    *Judgment reversed.    All the Justices concur.*