AUTHUR *et al. v.* BANK OF BALL GROUND.

This case falls within the general rule that creditors without lien can not enjoin their debtors from disposing of their property; and it was error to grant an interlocutory injunction.

　　　　　　　　　APRIL 12, 1917.

Injunction. Before Judge Patterson. Cherokee superior court. September 29, 1916.

The Bank of Ball Ground brought a petition against W. F. and J. F. Authur, alleging substantially the following facts: The defendants are indebted to petitioner in the sum of $3500, evidenced by five promissory notes. One of the notes is for the sum of $1000, signed by Jim Authur. Both defendants agreed to pay that note, and, in consideration of the bank extending a loan for the additional sum of $2500, further agreed to secure the whole indebtedness by transferring to the bank a bond for title executed by W. B. Tate to the defendants, wherein the obligor bound himself to execute a title to the defendants upon the payment of a loan of $3000, secured by deed to the land described in the bond, and to give a mortgage upon all their personal property and upon all crops grown on the land during the year 1916. Concurrently with this agreement, J. F. Authur delivered to the bank the bond for title, upon which W. F. Authur had indorsed a transfer of his interest to his codefendant, with the promise that he would later

execute a transfer of the bond to the bank, and that both defendants would execute a mortgage upon their personal property and upon the crops grown upon the land described in the bond as soon as the crops came into existence. Subsequently the defendants refused to make the transfer or to execute the mortgage. In the meantime the defendants settled their indebtedness to Tate with money borrowed from one Poole, to whom they executed a deed to the same land to secure a debt of $4325. The defendants have no property other than that referred to in the petition; and the bank is informed that they are trying to dispose of their equity in the land and to sell their personal property. The prayers of the petition are, to enjoin the defendants from disposing of or transferring their property, and from creating any lien thereon other than in favor of the plaintiffs. The defendants filed a demurrer, and an answer wherein they denied the essential allegations of the petition. Upon an interlocutory hearing the court passed an order temporarily enjoining the defendants from transferring the bond for title held by them or either of them, or any bond for title that they may have to the land, and from disposing of the land or creating any lien thereon. To this order they excepted.

*W. B. Sloan,* for plaintiffs in error. *J. Z. Foster,* contra.

EVANS, P. J. (After stating the foregoing facts.) The plaintiff is a creditor without lien, and seeks to enjoin its debtors from disposing of their property. The general rule is that a creditor without lien can not enjoin his debtor from the free disposal of his property. Civil Code (1910), § 5495. Equity recognizes certain exceptions to the general rule, growing out of the special circumstances of the case; and the plaintiff seeks to bring its case within the operation of some such exception. According to the verified petition, the defendants owned a tract of land encumbered with a security deed, and in consideration of an additional loan to them by the bank they agreed to secure their existing indebtedness and the new loan by a transfer of a bond for title which the holder of the security deed had made to them, and by a mortgage on their personal property. The defendants deposited the bond for title, but afterwards refused to execute the transfer or give the mortgage. After promising to give the security, the defendants paid up the debt of the holder of the security deed by borrowing money from a third person and securing that debt by deed, taking a bond to

themselves. Neither of the holders of the security deeds are charged with knowledge of the transaction of the bank with the defendants, or with collusion with the defendants, and no attempt is made by the bank to assert any claim against them. The petition charges, on information and belief, that the defendants are trying to dispose of their property; but no specific facts are alleged, and the evidence on the interlocutory hearing did not remotely hint of any such intention on the part of the defendants. It is also charged in the petition that the land described, and the personal property not described, constitute their entire property; but the value of this property is neither alleged nor proved. No relief is asked with respect to the transfer of the bond for title in the bank's possession. The case of the bank is that of an unsecured creditor who seeks to enjoin the debtors from transferring or encumbering their property, because of a breach of a promise to give a specific security for the loan of money. If the bank's contention of the transaction be the truth of the case, the defendants have acted in bad faith; but no sufficient reason is presented for the interposition of a court of equity to enjoin the defendants in the free disposal of their property. *Johnson* v. *Farnum,* 56 *Ga.* 144; *Dortic* v. *Dugas,* 52 *Ga.* 231.

*Judgment reversed. All the Justices concur.*