Fullerton Cotton Mills Inc. *v.* Butler.

Almand, Justice. L. A. Butler filed a complaint against Fullerton Cotton Mills Inc., wherein he alleged: that the defendant was indebted to him in a named amount representing the purchase price of 150 bales of cotton, sold and delivered to and accepted by the defendant; that, at the time of said sale, the defendant delivered to the plaintiff three checks, which represented the purchase price of the cotton; that the sale of the cotton was for cash; that the plaintiff deposited the checks in the usual course of business in his bank, payment of which checks upon presentation was declined, and the plaintiff has not received payment for the cotton; that the defendant's named agent, after purchasing and receiving the cotton, stated that the defendant was not in a position to pay cash for the cotton, and stated to the plaintiff that the defendant was trying to sell its mill; that the plaintiff was induced by the defendant, through its agent, to sell said cotton on the representation made by the defendant that the purchase price would be paid in cash, and the cotton was received by the defendant, and same has been spun through the defendant's mill; and that, after the sale, the defendant's agent stated that he wanted to pay for said cotton, but was unable to do so, and that there was a $40,000 mortgage on the mill at present, and that, although the sale was made as a cash transaction, he, the agent, wanted to extend the same into a credit transaction. It

was alleged that it would be a legal fraud to permit the defendant to purchase cotton on a cash basis, and to extend the transaction into credit, by the fraudulent representation made for the purpose of inducing the plaintiff to sell said cotton to the defendant. It was alleged that the only property that the defendant owned is a mill building, mill machinery, and the land on which it stands; and that the plaintiff was without an adequate remedy at law, and a court of equity should enjoin and restrain the defendant corporation from further encumbering the cotton mill and its machinery. The prayers of the petitioner were: for process; for a judgment against the defendant for the principal sum represented by the said checks, plus interest; for a judgment for a named sum as reasonable attorney's fees; and that the defendant and its officers, agents, and servants be enjoined and restrained from transferring, encumbering, or in any wise changing the status of the property of the defendant, "that is, the real property, machinery, trucks and automobiles." To this petition the defendant filed general and special demurrers, on the ground that the plaintiff, not being a lien creditor, and there being nothing in the petition to show that the plaintiff will suffer irreparable damages, or that the defendant was insolvent, the petition failed to show any necessity for the grant of an injunction. The court, upon the pleadings, granted an interlocutory injunction restraining the defendant as prayed in the petition, and overruled all the general and special demurrers. The defendant assigns error on said orders. *Held*:

1. Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity. Code, § 55-106. While there are exceptions to this general rule (*Cohen* v. *Meyers, Cohen & Co.,* 42 *Ga.* 46; *Cohen & Co.* v. *Morris & Co.,* 70 *Ga.* 313; *Johnson & Co.* v. *O'Donnell & Burke,* 75 *Ga.* 453; *Albany & Renssellaer Iron & Steel Co.* v. *Southern Agricultural Works,* 76 *Ga.* 135, 2 Am. St. R. 26; *Wolfe* v. *Claflin & Co.,* 81 *Ga.* 64, 6 S. E. 599), no facts are alleged in the instant case that would take it without the general rule. *Oattis* v. *West View Corp.,* 207 *Ga.* 550 (63 S. E. 2d, 407). "Equity will not enjoin a defendant from the free disposal of his property on the application of a creditor who sets up no lien upon or title to the property, and who presents no other equity than his simple fear that when he reduces his claim to judgment, he will not be able to find property on which to levy it." *Dortic* v. *Dugas,* 52 *Ga.* 231.

2. Though it may be conceded in the instant case that the sale of the cotton was upon a cash basis, and title to the cotton would not pass until the checks were paid (Code, § 96-110; *Anchor Duck Mills* v. *Harp,* 40 *Ga. App.* 563, 150 S. E. 572; *Council* v. *Nunn,* 41 *Ga. App.* 407, 153 S. E. 234), the plaintiff in the instant case does not seek to rescind the sale and recover the property or damages for its conversion, but seeks a recovery of the agreed purchase price as represented by the checks given to the plaintiff in payment for the cotton. He has thereby elected to stand on the contract (*Wright* v. *Zeigler Bros.,* 70 *Ga.* 501), and such allegations of fraud form no basis for injunctive relief restraining the defendant from disposing of its property having no

connection with the sale. *Mackle Construction Co.* v. *Smith,* 150 *Ga.* 97 (103 S. E. 414).

3. Under the foregoing principles of law as applied to the facts of the instant case, it was error for the trial judge to overrule the grounds of the defendant's general and special demurrer, which challenged the right of the plaintiff to injunctive relief. The other grounds of demurrer, general and special, not being argued or insisted on by the defendant, are treated as abandoned.

4. It follows that the court erred in granting an order restraining the defendant from transferring, encumbering, or in any wise changing the status of its property, machinery, trucks, and automobiles.

*Judgment reversed. All the Justices concur.*

No. 17639. Submitted October 9, 1951—Decided November 15, 1951.

*Henry N. Payton* and *Meyer Goldberg,* for plaintiff in error. *Boykin & Boykin, Shirley C. Boykin, Wright & Lipford,* and *Walter D. Sanders,* contra.