### 22679.   STALVEY et al. v. PEDI JOY SHOES CORPORATION et al.

SUBMITTED OCTOBER 12, 1964—DECIDED DECEMBER 3, 1964—REHEARING DENIED DECEMBER 15, 1964.

490

*Sumner & Boatright,* for plaintiffs in error.
*S. B. McCall, Edward Parrish,* contra.

MOBLEY, Justice. ■ We are of the opinion that there are valid assignments of error on the judgment of the trial court overruling the general demurrer and certain special demurrers and on the order appointing a receiver, granting a temporary injunction, and ordering the receiver to sell the assets of the defendant corporation, and on the overruling of the motion to dismiss the petition. Accordingly, the motion to dismiss the bill of exceptions is denied.

■ When the petition is stripped of all allegations as to the partnership, as was done by the amendment, the allegations relied upon to set out a cause of action for injunction, receivership, and other equitable relief, are as follows: that the defendant corporation is indebted to petitioners for goods purchased from them; that the corporation denies liability therefor and refuses to pay; that the corporation is insolvent, and is disposing of its assets by selling from their stock of merchandise, thereby becoming more insolvent each day; that unless the equitable relief sought is granted they will suffer irreparable harm, and that there will be a multiplicity of suits.

The general rule is that, "Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." *Code* § 55-106. There are exceptions where circumstances render the rule inapplicable. *Goodroe v. C. L. C. Thomas Warehouse*, 185 Ga. 399 (3) (195 SE 199). Special circumstances that may exist giving creditors without liens right to aid in equity, are insolvency of a debtor who fraudulently transfers property to one in complicity with him and who is disposing of property, or where property is obtained by fraudulent representations. *Albany & Renssellaer Iron &c. Co. v. Southern Agricultural Works*, 76 Ga. 135, 169 (2 ASR 26); *Cohen v. Meyers, Cohen & Co.*, 42 Ga. 46; *Cohen & Co. v. Morris & Co.*, 70 Ga. 313; *Johnson & Co. v. O'Donnell & Burke*, 75 Ga. 453; *Wolfe v. Claflin & Co.*, 81 Ga. 64, 65 (6 SE 599). No such special circumstances or any other special circumstances as would be an exception to the general rule are alleged in this case. The petition does not allege that the defendant corporation is fraudulently disposing of its assets to defraud creditors, nor

that the goods were fraudulently obtained. The allegation of insolvency without more does not state a cause of action for the appointment of a receiver and injunction against defendant's disposing of its assets. *Atlanta &c. R. Co. v. Carolina Portland Cement Co.,* 140 Ga. 650 (1) (79 SE 555); *Insurance Center, Inc. v. Hamilton,* 218 Ga. 597 (1c) (129 SE2d 801). See also *Barnesville Mfg. Co. v. Schofield's Sons Co.,* 118 Ga. 664 (45 SE 455); *Dodge v. Pyrolusite Manganese Co.,* 69 Ga. 665.

■ Since the petition does not state a cause of action for any of the equitable relief sought, what is left is a petition in which eleven different corporations allege separate and distinct causes of action at law upon separate and unrelated claims for money judgments against the defendant.

Obviously, the several plaintiffs cannot join in one action, and it follows that the court erred in overruling the demurrers on the ground of misjoinder of parties plaintiff and on the ground that the petition was multifarious and duplicitous. *Smith v. Manning,* 155 Ga. 209 (5) (116 SE 813).

Accordingly, the trial judge erred in not dismissing the petition, it having failed to set out a cause of action for equitable relief, and as an action at law was multifarious and duplicitous, and contained a misjoinder of parties plaintiff. This ruling renders nugatory all subsequent proceedings in the case.

*Judgment reversed. All the Justices concur.*