25165. MAR-PAK MICHIGAN, INC. v. POINTER.

ARGUED APRIL 16, 1969—DECIDED MAY 8, 1969—
REHEARING DENIED MAY 22, 1969.

*M. H. Blackshear, Jr.,* for appellant.
*Glenville Haldi,* for appellee.
*John Calvin Hunter,* for party at interest not party to record.

MOBLEY, Justice. Mar-Pak Michigan, Inc., appeals from an order granting a summary judgment to Will H. Pointer, and from an order dismissing its motion to have Pointer's attorney and others adjudged in contempt of court. Error is assigned in the enumeration of errors on these orders, on an order dissolving a previous restraining order and receivership, on an order denying Mar-Pak's motion to consolidate cases and enlarge the receivership, and on the failure of the court to assess costs against the respondents on Mar-Pak's motion to adjudge in contempt.

Mar-Pak, a foreign corporation, brought an action in DeKalb Superior Court against Will H. Pointer, alleging that: Pointer is a resident of Tennessee. He is indebted to the complainant on a judgment in the principal amount of $343,349.03, entered in the Circuit Court for Wayne County, Michigan. The complainant has instituted action on this judgment against the defendant in the Civil-Criminal Court of DeKalb County, wherein the defendant was personally served with process. The defendant is contesting the jurisdiction of the Civil-Criminal Court of DeKalb County and defending the action on its merits. A case is pending in DeKalb Superior Court, entitled, The Mitchell Corporation of Georgia v. Will H. Pointer, wherein the defend-

ant has deposited $29,550, or other large sums, in the registry of the court. The defendant has no other assets in Georgia, and these funds are likely to be dissipated and removed unless a court of equity restrains and enjoins their withdrawal and appoints a receiver to take charge of the funds upon the conclusion of the case in which they are deposited.

A temporary order restraining the distribution of the funds was granted. On motion of the defendant to dissolve the temporary restraining order, a hearing was held, after which the judge refused to dissolve the temporary restraining order, and appointed a receiver, directing him to hold all money deposited in the registry of the court which Pointer would be entitled to have refunded to him.

Pointer filed a motion for summary judgment, alleging that there is no genuine issue as to any material fact and that he is entitled to a judgment in his favor showing that there is no liability against him. This motion was granted.

■ "Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." *Code* § 55-106. See *Dortic v. Dugas*, 52 Ga. 231; *Dodge v. Pyrolusite Manganese Co.*, 69 Ga. 665 (1); *Kimbrell v. Walters*, 86 Ga. 99 (2) (12 SE 305); *Spence v. Solomons Co.*, 129 Ga. 31 (58 SE 463); *Authur v. Bank of Ball Ground*, 146 Ga. 719 (92 SE 205); *Lawrence v. Lawrence*, 196 Ga. 204 (3, 4) (26 SE2d 283); *Fullerton Cotton Mills v. Butler*, 208 Ga. 521 (1) (67 SE2d 722); *Watson v. Whatley*, 218 Ga. 86 (1) (126 SE2d 621); *Stalvey v. Pedi Joy Shoes Corp.*, 220 Ga. 489 (140 SE2d 264).

The record does not indicate that the parties filed any affidavits or interrogatories in support of, or opposing, the motion for summary judgment. The complaint of Mar-Pak entirely fails to show any exception to the general rule that creditors without a lien may not obtain injunction or receivership. The complaint is brought by a nonresident, and it is seeking relief against a nonresident. While the allegation is made that the money which the complainant seeks to have placed in the hands of a receiver is the only asset of the defendant in the State of Georgia, there is no allegation or proof that the defendant is insolvent and is

fraudulently disposing of his assets to defeat the indebtedness claimed by the complainant. The complainant has no´ lien on the particular funds involved in the litigation. It is a sum of money deposited by the defendant in a separate suit which has no connection with the complainant's claim. The complainant has a Michigan judgment on which it has instituted action in Georgia, but the defendant is contesting this action on the basis of jurisdiction and on its merits.

The facts relied on by the complainant to sustain its action for injunction and receivership do not constitute any exception to the general rule, and it is not entitled to injunction and receivership. The trial judge did not err in granting the motion for summary judgment of the defendant.

■ It is contended by Mar-Pak that the grant of interlocutory injunction and receivership, after a hearing, from which an appeal was filed by Pointer and later withdrawn, established as the law of the case that Mar-Pak was entitled to such remedies on a permanent basis. We concur with the assertion that the interlocutory orders were immediately reviewable, and could not now be reviewed since the time for review has passed. We do not agree that these interlocutory orders established as the law of the case that permanent injunction and receivership should be granted.

The situation in the present case is entirely different from those cases where the grant, or refusal, of interlocutory injunction and receivership is affirmed, or reversed, by this court, and this court determines, as a matter of law, that these extraordinary remedies should, or should not, be granted. *City of Atlanta v. First Methodist Church,* 83 Ga. 448 (10 SE 231); *Ingram v. Trustees of Mercer University,* 102 Ga. 226 (29 SE 273). The trial judge in granting these interlocutory remedies did not pronounce any ruling of law in the case. The purpose of the orders was to maintain the status until a final decision could be made in the case. Large discretion is vested in the trial judge in granting interlocutory injunctions and appointing receivers to maintain the status until final hearing. *Jones v. Johnson,* 60 Ga. 260. There is no merit in the contention that the interlocutory orders granting injunction and receivership, unappealed

from, established as the law of the case that Mar-Pak was entitled to these remedies.

■ The record shows that during the course of the litigation a motion was made by Mar-Pak to have the attorneys representing Pointer, the Mitchell Corporation of Georgia, and its vice president, adjudged in contempt of court because of the disbursement of the money paid into the registry of the court, in violation of the order of the court. This occurred after a consent judgment had been entered in the Mitchell Corporation case. A later order in that case vacated and rescinded the consent judgment and ordered the plaintiff to restore the status. Thereafter an order was entered, reciting that the money had been redeposited, and dismissing the motion to have the named persons and the Mitchell Corporation adjudged in contempt. It is asserted that the court erred in failing to assess costs against the respondents on the motion to adjudge in contempt.

Since the respondents in the motion to adjudge in contempt are not parties in the case under review, and have never been, no decision can be made on this contention.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*