## 29220. ALLIED PRODUCTIONS, INC. et al. v. PETERSON.

PER CURIAM.

O. Fred Peterson obtained a money judgment against Allied Productions, Inc., Howard E. Caldwell, Martha Caldwell, and others in the Circuit Court of Arlington County, Virginia. That judgment was affirmed by the Supreme Court of Virginia. Thereafter, an action seeking only to domesticate this foreign judgment was filed in the Superior Court of DeKalb County, Georgia, and a motion for summary judgment thereon was granted to the plaintiff against Allied Productions, Inc., Howard E. Caldwell and Martha Caldwell.

These defendants filed a notice of appeal to the grant of the summary judgment, but prior to the record being transmitted to the Court of Appeals and the case docketed there, the plaintiff filed motions to require a supersedeas bond and for an interlocutory injunction while the case was on appeal. The motion for interlocutory injunction sought to restrain "defendants, their officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with them" from disposing of assets or removing them outside the state. The issues made by these motions came on to be heard and an order was entered on June 24, 1974, granting plaintiff an interlocutory injunction until further order of the court unless a supersedeas bond was filed prior to a date certain. The interlocutory injunction was directed not only to the defendants, their officers, agents, servants, employees and attorneys, but also to any corporations, partnerships or associations owned or controlled by defendants and the property owned by them. The appeal to this court is from the grant of the interlocutory injunction by the trial court after a final judgment had been entered in the case.

The question presented is whether during the period after final judgment and after the filing of the notice of appeal but prior to the docketing of the appeal in the appellate court, the trial court had jurisdiction to enter any further order in this case, and, if so, whether the trial court had authority to issue the interlocutory injunction.

The Act of 1965 (Ga. L. 1965, pp. 18, 22; Code Ann. § 6-1002 (a)), provides that, "In civil cases, the notice of appeal filed as hereinbefore provided shall serve as supersedeas, upon payment of all costs in the trial court by the appellant, and it shall not be necessary that a supersedeas bond be filed: provided, however, upon motion by appellee, the trial court shall require that supersedeas bond be given with such surety and in such amount as the court may require . . ." In *Jackson v. Martin*, 225 Ga. 170 (2b) (167 SE2d 135), it was held that the trial court was without jurisdiction to supplement a previously entered final judgment after a notice of appeal had been filed. This holding has been followed in *Aetna Casualty &c. Co. v. Bullington*, 227 Ga. 485 (1) (181 SE2d 495); *Park v. Minton*, 229 Ga. 765 (4) (194 SE2d 465), and other cases. Each of these cases dealt with an attempt to modify or vacate a previously entered judgment after a notice of appeal had been filed. In *Swindle v. Swindle*, 221 Ga. 760 (5) (147 SE2d 307), it was held that such provision of the Appellate Practice Act did not preclude the trial court from granting temporary alimony where a notice of appeal had been filed from the judgment overruling a general demurrer to the appellee's divorce and alimony complaint. In 1968 (Ga. L. 1968, p. 1072; Code Ann. § 6-809), the Appellate Practice Act was amended so as to provide for dismissals of appeal in the trial court under certain circumstances. Thus, it is seen that the trial court does not lose complete jurisdiction by the mere filing of a notice of appeal. See also *Shepherd v. Shepherd*, 233 Ga. 228.

However, we conclude that the trial court had no authority to grant plaintiff the post-judgment interlocutory injunction issued in this case. No equitable issues were involved in the trial of the case and no injunctive relief was sought by the plaintiff until after final judgment. In addition, a number of parties were included in the interlocutory injunction who were not made parties in the case.

The law affords plaintiff a clear remedy by statute — to discover assets, to initiate garnishment proceedings and to make a levy and sale of any realty and personalty owned by defendants — for the purpose of satisfying the

money judgment. While the money judgment is superseded by the appeal of the main case to the Court of Appeals, the trial court is mandated to require a supersedeas bond upon motion of the plaintiff in the trial court. Code Ann. § 6-1002. In the absence of such a bond by defendants, the plaintiff is free to enforce the judgment at his peril pending decision on appeal. *DeFee v. Williams*, 114 Ga. App. 571 (2) (151 SE2d 923). If these legal remedies are inadequate as plaintiff contends, separate proceedings can be initiated in which all interested parties can be given an opportunity to be heard and these equitable issues can be determined. See *Haygood v. King*, 161 Ga. 732 (132 SE 62). However, it is too late for the plaintiff to obtain an injunction against defendants and others who were not parties in this case after taking a final money judgment against the defendants. Equity can intervene in aid of legal rights which may be dissipated by the defendants' disposing of property in a proper case but it must be done before judgment is obtained by the plaintiff. See *Mosley v. Lynn*, 172 Ga. 193 (2) (157 SE 450). Cf. *Watson v. Whatley*, 218 Ga. 86, 87 (126 SE2d 621); and *Mar-Pak Michigan, Inc. v. Pointer*, 225 Ga. 307 (168 SE2d 141).

*Judgment reversed. All the Justices concur, except Nichols, P. J., and Undercofler, J., who dissent.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 26, 1974.

*William T. Brooks*, for appellants.
*Raiford & Hills, Barry E. Billington, Michael B. McKeithen*, for appellee.