W. J. LEMP BREWING CO. v. ORT.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1902.

No. 1,078.

EVIDENCE—SUBJECTS OF EXPERT TESTIMONY—MATTERS OF COMMON KNOWLEDGE.
The question what would have been the result, under circumstances shown·if the driver of a wagon had made a sharp turn for the purpose of avoiding a collision with a buggy, is not one for expert testimony, but the matter is one of common knowledge.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

John Lovejoy, M. L. Malevinski, and Alex. Sampson, for plaintiff in error.

Jas. B. Stubbs, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The refusal to permit the witness Nichols to testify as an expert in regard to what would have happened in case he, as driver of the beer wagon, had made a sharp turn to the right, whereby the fore wheels of his wagon would have missed the plaintiff's buggy, was not reversible error, because the matter was one of common knowledge; and, further, because the witness Nichols was thereafter examined and cross-examined fully with regard to all actual details of the collision.

There was no error in overruling the objection to the introduction in evidence on the trial of the stenographer's report of the testimony of Demetri Petropol, Amelia Petropol, and H. C. Nichols, taken on a former trial, because the stenographer's report was fully and sufficiently verified.

The refusal of the trial judge to give the special instructions requested before the court's charge was given did not constitute reversible error, because all the propositions and definitions involved were embraced in the charge as given, to which charge there was no objection except as to the rule of damages.

An examination of the pleadings in connection with the proceedings as set forth in the bill of exceptions will show that the rule of damages given in the general charge, and to which exception was taken, was correct generally and in detail, and, in our opinion, was proper to guide the jury in assessing damages, and in no wise tended to mislead them into giving double damages.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.