## In re KAHN.

District Court, S. D. New York.
Dec. 3, 1934.

Isidore L. Rosenzweig, of New York City, for creditor Samuel Lang.

William Leonard Berk, of New York City, for Frederick J. McCormack and Michael Grudberg.

PATTERSON, District Judge.

The bankrupt in April, 1933, made an assignment for the benefit of creditors. The assignees took the appropriate proceedings in the state court and proceeded to liquidate the assets. On November 5, 1934, the bankrupt filed a voluntary petition in bankruptcy and was adjudicated. One of the creditors then made application in the bankruptcy court to restrain the assignees from further proceedings and to compel them to account in this court.

The assignment for the benefit of creditors preceded the inception of bankruptcy proceedings by some eighteen months. This being the case, the assignment and administration of assets under it are not rendered voidable by the subsequent bankruptcy of the assignor. Assignments for the benefit of creditors made less than four months before bankruptcy are avoided as to the trustee in bankruptcy. Randolph & Randolph v. Scruggs, 190 U. S. 533, 536, 23 S. Ct. 710, 47 L. Ed. 1165; In re McCrum, 214 F. 207 (C. C. A. 2); In re Louis Neuburger, Inc., 240 F. 947 (C. C. A. 2). It is equally plain that an assignment for creditors which is valid under the state law is not affected by later bankruptcy of the assignor where the petition in bankruptcy is filed more than four months later. In re Farrell, 176 F. 505 (C. C. A. 6); In re Creech Bros. Lumber Co., 240 F. 8 (C. C. A. 9). See, also, Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060.

The application will therefore be denied.