In re KINGS P. C., Inc.
No. 36103.

District Court, E. D. New York.
Feb. 9, 1939.

Louis Bierfass, of New York City, for bankrupt.

Gerald T. Ryan, of New York City, for substituted assignee.

Morris E. Packer, of Brooklyn, N. Y., for receiver.

GALSTON, District Judge.

This motion is made by the substituted assignee for the benefit of creditors of the bankrupt to vacate certain provisions of the order of this court of December 22, 1938, particularly that part which empowers the receiver to take possession of property allegedly owned by the bankrupt in the hands of such substituted assignee, and requiring the said substituted assignee to deliver to the receiver all the property of the bankrupt in his possession. The said order was obtained ex parte.

From the affidavit supporting the motion it appears that on May 10, 1938 the bankrupt made an assignment for the benefit of creditors to one Rose Crystall, which the same day was filed in the office of the Clerk of the County of Kings. Before the assignment was filed a levy was made upon all of the property of the bankrupt by the principal creditor of the corporation. An issue as to the priority of the levy over the assignment arose and that issue is still undetermined.

Meanwhile, the State Supreme Court, by order of May 25, 1938, removed the assignee and appointed one Philip Feldman in her place. Feldman took possession of the known assets of the bankrupt and on May 31, 1938, pursuant to order of the Supreme Court, sold the assets at public auction and he has now in cash the sum of $3545.44, subject to administrative expenses and claims of creditors.

On December 8, 1938 the bankrupt filed a voluntary petition in this court and was duly adjudicated a bankrupt on that day.

Chapter 2, Sec. 2, subdivision (21) of the Bankruptcy Act, 11 U.S.C.A. § 11(21), provides in substance that where, before the filing of a proceeding under the Act, a non-bankruptcy receiver or trustee (i. e., a receiver or trustee not appointed by a bankruptcy court in a proceeding under the Act), an assignee for the benefit of creditors has taken charge of the debtor's property, the court may require any such person to deliver such property to the bankruptcy receiver or trustee of such debtor. However, such delivery or accounting shall not be required if the non-bankruptcy receiver or trustee was appointed, or the assignment was made more than four months before the filing of the proceeding under the Act.

The foregoing section is clear. The comment made by Weinstein in his analysis of the bankruptcy law of 1938 is: "This proviso, although new, reflects the law under the old act. In respect to receiverships, trusteeships and assignments it adopts the old law which left undisturbed and unaffected property in charge of receivers or trustees appointed, * * * more than four months before the date of bankruptcy." See also In re Kahn, D. C., 10 F.Supp. 405; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Mayer v. Hellman, 91 U.S. 496, 23 L.Ed. 377; and In re Creech Bros. Lumber Co., 9 Cir., 240 F. 8.

The motion is granted, without prejudice, however, to the right of the trustee when appointed to institute a plenary suit for the recovery of the assets, if grounds for such suit exist. Settle order.