**ATLANTA FLOORING & INSULATION CO., Inc., et al. v. RUSSELL.**

**No. 11110.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1944.

Rehearing Denied Jan. 30, 1945.

See 146 F.2d 884.

---

494

William A. Fuller, Clifford R. Wheeless, and Oliver C. Hancock, all of Atlanta, Ga., for appellants.

Benton E. Gaines and Jos. J. Fine, both of Atlanta, Ga., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The question for decision is whether the court below, sitting in bankruptcy, erred in denying the petition of the receiver in bankruptcy for an order requiring a state court receiver to turn over to petitioner certain proceeds derived from the sale of the bankrupt's property.

A judgment creditor of S. Yoshinuma, by an equitable petition for the enforcement of the judgment in a state court of Georgia, secured the appointment of a receiver on May 13, 1942. Between May 15 and September 14, 1942, various other creditors, including statutory lienholders and priority claimants, filed interventions in that proceeding. On September 15, 1942, an involuntary petition in bankruptcy was filed against Yoshinuma pursuant to which he was adjudicated a bankrupt. A receiver in bankruptcy was appointed by whom a petition was filed to require that the assets of the bankrupt be delivered by the state court receiver to the receiver in bankruptcy. This petition was denied by the state court of Georgia and by the bankruptcy

court. This court affirmed on the principle that bankruptcy does not supersede a state court proceeding for the enforcement of a lien and the appointment of a receiver therein where the institution of the suit was for the enforcement of a valid lien obtained more than four months prior to bankruptcy.[1]

After a vain attempt to operate the property, the state court receiver sold it for $10,000 under order of the court. No creditors have yet been paid their claims from the proceeds of the sale. The bankruptcy receiver then brought a second petition in the bankruptcy court asking that the state court receiver be directed to pay over to the petitioner the surplus of the funds in his hands over the amount required to satisfy the judgment of the petitioning creditor in the state court. The appeal now before the court is from the order denying that petition.

Appellants contend that the jurisdiction of the state court extends only to the adjudication and settlement of the judgment lien of the petitioning creditor, since that lien was the only one sought to be enforced more than four months prior to bankruptcy, and that all assets not needed to satisfy that judgment lien, which was for $235 plus interest and costs, should be administered by the bankruptcy court.

■ On the former appeal the effort was to supersede state jurisdiction entirely on the ground that the suit was a mere insolvency proceeding.[2] As valid liens were also sought to be enforced, we denied relief because when a court of competent jurisdiction in appropriate proceedings has taken possession of property, all other courts are powerless to disturb that possession, and the court having custody has jurisdiction to hear and determine all questions necessary to a complete adjudication of the cause and ancillary jurisdiction to determine all questions respecting the title, possession, or control of the property.[3] This principle is applicable to all state and federal courts, including courts of bankruptcy.[4]

■ In the original petition in the state court it was alleged that there were creditors of the judgment debtor who held liens created and recorded prior to the date the petitioner secured its judgment; that by reason of the prior liens the judgment could not be collected by levy; and that, to prevent a multiplicity of suits and enable the creditor to collect its judgment, it was necessary that a court of equity should intervene and operate or liquidate the property for the benefit of the creditors. When the Georgia court appointed a receiver and took possession of the property under the petition, it acquired the custody and control of that property for the purposes sought to be accomplished by the suit.[5]

■ To the extent that the suit was an insolvency proceeding under state law, it was superseded by bankruptcy as of the time of the filing of the petition; to the extent that it sought to ascertain, marshal, and enforce valid liens not affected by bankruptcy, and only to that extent, the suit was not superseded by said adjudication; but the receiver in bankruptcy is entitled to the excess of the proceeds of the sale after such liens are satisfied.[6]

■ Since the lien of the judgment creditor was a valid lien existing more than four months prior to bankruptcy, all liens that primed it must have been valid liens existing more than four months prior to bankruptcy. There may be other valid liens that, though subordinate to the judgment lien, were not affected by the debt-

[1] Atlanta Flooring & Insulation Co. v. Oberdorfer Ins. Agency, 5 Cir., 136 F.2d 457.

[2] Atlanta Flooring & Insulation Co. v. Oberdorfer Ins. Agency, footnote No. 1, 136 F.2d 457.

[3] Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L.Ed. 128; Wabash Railroad v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Murphy v. John Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L. Ed. 444; Blair v. Brailey, 5 Cir., 221 F. 1.

[4] Metcalf v. Barker, 187 U.S. 165, 23 S. Ct. 67, 47 L.Ed. 122; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954; Blair v. Brailey, 5 Cir., 221 F. 1.

[5] Metcalf v. Barker, 187 U.S. 165, 23 S. Ct. 67, 47 L.Ed. 122; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Blair v. Brailey, 5 Cir., 221 F. 1.

[6] Carling v. Seymour Lumber Co., 5 Cir., 113 F. 483.

or's being adjudicated a bankrupt.[7] Interventions in the nature of independent actions for the enforcement of such liens, if filed prior to bankruptcy, vest jurisdiction over the res in the court where the action is brought; and such jurisdiction may not be ousted by the bankruptcy court.[8]

█ An adjudication of bankruptcy draws to the bankruptcy court jurisdiction to administer all nonexempt property of the bankrupt, even though it may be subject to a valid lien;[9] but where, prior to the filing of the petition in bankruptcy, a state court has obtained custody of such property in proceedings to enforce a lien not affected by bankruptcy, such custody will not be disturbed, nor the orderly procedure of the state court enjoined, by a court of bankruptcy.

██ This is true because the jurisdiction in bankruptcy to ascertain, marshal, and enforce liens is concurrent with that of other courts competent to do the same thing if the liens in question are not dissolved but recognized as valid in bankruptcy; and the rule of comity is applicable, that the court first lawfully acquiring jurisdiction shall retain it.[10] The ruling of the state court refusing to surrender the property when application was made therefor by the receiver in bankruptcy was not res judicata in a court of bankruptcy.[11]

█ The court below held that it did not have summary jurisdiction to divest the state court receiver "of the surplus or of the funds"; that the latter's possession originated more than four months prior to bankruptcy and "for that reason, if no other, the [bankruptcy] court would not be authorized to proceed by summary jurisdiction." We think this ruling was erroneous so far as it applied to any surplus proceeds of sale of the bankrupt's property after satisfaction of the liens (plus costs) of the petitioning creditor and those interveners who held liens that were not affected by bankruptcy.

We hold that the bankruptcy court has summary jurisdiction to inquire and determine whether such surplus should now be turned over to its trustee or receiver. As stated in Carling v. Seymour Lumber Company: "We are not now called on to decide what course should be taken in the event of a disregard of the bankrupt law by the state court. That such application should be made in the first instance to the state court is sustained, not only by the analogous cases relating to comity, but by adjudications directly in point on this question of practice under the bankrupt law." The appellants have never made application to the state court for only such surplus as may remain in the hands of its receiver after satisfaction of the liens above mentioned.[12]

The judgment appealed from is reversed, and the cause remanded generally to the District Court for further proceedings not inconsistent with this opinion.

[7] Emil v. Hanley, 318 U.S. 515, 63 S. Ct. 687, 87 L.Ed. 954; Norris v. Trenholm, 5 Cir., 209 F. 827; Brown Shoe Co. v. Wynne, 5 Cir., 281 F. 807; In re White Star Refining Co., 5 Cir., 74 F.2d 269; 8 Corpus Juris Secundum, Bankruptcy, § 261, subsec. b.

[8] Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S. Ct. 412, 80 L.Ed. 591; Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954.

[9] Fish v. East, 10 Cir., 114 F.2d 177.

[10] Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457; Straton v. New, 283 U.S. 318, 322, 51 S.Ct. 465, 75 L.Ed. 1060; In re Diamond's Estate, 6 Cir., 259 F. 70; 8 Corpus Juris Secundum, Bankruptcy, § 261, subsec. b.

[11] Miller v. Potts, 6 Cir., 26 F.2d 851.

[12] Carling v. Seymour Lumber Company, 5 Cir., 113 F. 483, 491. Cf. In re Diamond's Estate, 6 Cir., 259 F. 70.