ATLANTA FLOORING & INSULATION CO., Inc., et al. v. RUSSELL.

No. 11110.

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1945.

William A. Fuller, Clifford R. Wheeless, and Oliver C. Hancock, all of Atlanta, Ga., for appellants.

Benton E. Gaines and Jos. J. Fine, both of Atlanta, Ga., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

On this and the preceding appeal, we were given very narrow issues to decide, and in each the record contained only the facts necessary to determine the specific issue presented. In deference to the petition for rehearing, we shall attempt to clarify our opinion.

Summary jurisdiction may not be exercised to determine adverse claims to property not in the actual or constructive possession of the bankrupt at the time the petition in bankruptcy was filed, whether the adverse claimant asserts the absolute

title thereto or merely a lien thereon.[1] The mere assertion of an adverse claim is not sufficient. The bankruptcy court has jurisdiction to inquire into the claim for the purpose of ascertaining whether the summary remedy is an appropriate one.[2]

In the absence of a substantial adverse claim, the bankruptcy court has summary jurisdiction to determine controversies relating to property of the bankrupt at the time the petition in bankruptcy was filed.[3] A claim is to be deemed substantial if there are probable facts or circumstances sufficient to support a reasonable legal hypothesis upon which it should be allowed; it is held to be colorable if the contention in support of it is so plainly without merit as to amount to a mere pretense. If found to be merely colorable, the court may then proceed to adjudicate the merits summarily, but if found to be substantial, it must decline to determine the merits and dismiss the summary proceeding.[4] A state court that is enforcing a lien upon specific property when the debtor becomes a bankrupt is entitled to proceed without interference from the bankruptcy court.[5]

The court below at least had summary jurisdiction to inquire into its jurisdiction, and this it failed to do sufficiently. To be more specific, the bankruptcy court has summary jurisdiction to inquire into the character of the suit in the state court in order to determine (1) whether the same was in part superseded by the adjudication in bankruptcy, (2) the nature and amount of the claims propounded therein, (3) the character of the alleged liens therein sought to be enforced, (4) whether said claims are real or merely colorable, (5) the value of the bankrupt's estate in the custody of the state court, (6) which, if any, of such liens were invalidated by bankruptcy, (7) what equity, if any, will probably remain for the benefit of the bankrupt's general creditors after satisfaction of liens not invalidated by bankruptcy, plus costs incurred in the state court, (8) whether simple-contract creditors were entitled to intervene and, if they did so, whether under the law of Georgia a contingent lien on the property possessed by the state-court receiver was created for their benefit, as well as for the benefit of the judgment creditor as held in Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060, (9) whether the intervening lienors, under the law of Georgia, are entitled to a lien on the fund by reason of the creditor's suit and, if so, the date or dates on which the lien or liens attached, and (10) any other fact or facts bearing upon the character of the proceeding in the state court or upon the title or possession of the bankrupt's property, and any liens thereon, at the time the petition in bankruptcy was filed. These facts are relevant, if for no other reason, in order to enable the court to determine whether or not to direct its receiver or trustee to intervene in the creditor's suit to protect the interests of the bankrupt estate.

The best evidence of the nature of the proceeding in the state court is the creditor's bill or petition, but it is not fully set forth in the record. It appears from excerpts therefrom that the bill was filed

[1] First National Bank of Chicago v. Chicago Title & Trust Co., 198 U.S. 280, 25 S.Ct. 693, 49 L.Ed. 1051; In re Rudnick & Co., 2 Cir., 160 F. 903; Cooney v. Collins, 9 Cir., 176 F. 189.

[2] May v. Henderson, 268 U.S. 111, 115, 116, 45 S.Ct. 456, 69 L.Ed. 870; Irby v. Corey, 5 Cir., 95 F.2d 963, 964.

[3] Harris v. Avery Brundage Co., 305 U.S. 160, 163, 164, 59 S.Ct. 131, 83 L.Ed. 100; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405.

[4] Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897.

[5] Carling v. Seymour Lumber Co., 113 F. 482, certiorari denied 186 U.S. 484, 22 S.Ct. 943, 46 L.Ed. 1261; Griffin v. Lenhart, 4 Cir., 266 F. 671; Russell v. Edmondson, 5 Cir., 50 F.2d 175; Bryan v. Speakman, 5 Cir., 53 F.2d 463; Blair v. Brailey, 5 Cir., 221 F. 1, wherein this court (referring to the appointment of receivers in a creditor's suit in a Georgia federal court) said, at page 4 of 221 F.: "What was done amounted to an equitable attachment of the property. * * * There was a 'levy' within the meaning of that term as it is used in section 67f of the Bankruptcy Act. * * * And that levy having been made more than four months prior to the filing of the petition in bankruptcy, it was not avoided by the adjudication of bankruptcy made in pursuance of the petition." Citing Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 49 L.Ed. 122. See also Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954; Muffler v. Petticrew Real Estate Co., 6 Cir., 132 F. 2d 479; In re Kings, P. Co., D. C., Inc., 26 F.Supp. 426; Merry v. Jones, 119 Ga. 643, 46 S.E. 861; Nelson v. Spence, 129 Ga. 35, 58 S.E. 697.

by a judgment creditor on behalf of itself and all other creditors "similarly or dissimilarly" situated. We are not sufficiently advised as to the claims of those "dissimilarly situated." The bill alleged that the defendant was insolvent, and prayed that a receiver be appointed to take over, operate, and sell the defendant's business and entire assets; that all lienholders be required to intervene and be enjoined from foreclosing or changing their liens; that all other creditors be required to intervene and be restrained from prosecuting separate actions; that the rights and remedies of all creditors be established, the assets marshaled, and all creditors paid according to their rank.

▓▓▓ Is this a true creditor's suit, a local statutory creditor's suit, a proceeding to enforce a lien upon specific property, an insolvency proceeding, an equity receivership, a special statutory receivership under local law, or a combination of two or more thereof? For a true creditor's bill, see Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122. If it is an insolvency proceeding, the burden is on the appellants to show it.[6] State insolvency laws are suspended only to the extent that they actually conflict with federal bankruptcy laws.[7] If they conflict with the Federal Constitution, they are void to the extent of such conflict; for instance, if they provide for the debtor's discharge from the obligation of existing debts.[8] The bankruptcy court has summary jurisdiction to inquire into the matter. Nearly all bankruptcy jurisdiction is summary; if plenary action by the trustee in bankruptcy against an outside party is necessary, it may be brought in another court.[9]

Is this an equity receivership within the meaning of Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591, wherein the court distinguishes an equity receiver from a receiver in foreclosure? In that case the court said, at page 222 of 297 U.S., at page 415 of 56 S.Ct., 80 L.Ed. 591: "It is common learning that an equity receiver in suits to conserve the assets or divide them among creditors must yield to a trustee in bankruptcy. Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A. L.R. 1215." The quoted sentence is dictum and may be too broad, as the court cites Gross v. Irving Trust Co., wherein bankruptcy supervened within four months of institution of the suit in the state court in which receivers were appointed.[10]

Finally, do we have here a special statutory receivership under the Georgia law, wherein seizure by the receiver was equivalent to an attachment, as in Neely v. McGehee, 5 Cir., 2 F.2d 853, and Blair v. Brailey, supra? We need more facts to answer these questions; the correct answer may turn upon the proper construction of the plaintiff's petition; if it were before us in its entirety, we might determine its nature; but to expect courts to decide cases without sufficient facts may be likened to requiring the ancients to make brick without straw. Ex facto jus oritur. The opinion of this court in Carling v. Seymour Lumber Company[11] will illustrate how necessary it is for us to have additional facts, and it seems that they can be ob-

---

[6] Straton v. New, 283 U.S. 318, 327, 328, 331, 51 S.Ct. 465, 75 L.Ed. 1060.

[7] Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507.

[8] Sturges v. Crowninshield, 4 Wheat, 122, 4 L.Ed. 529; International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318.

[9] Lavine's Handbook on Bankruptcy, Ch. 2, pp. 6, 7.

[10] Mayer v. Hellman, 91 U.S. 496, 502, 23 L.Ed. 377; Stellwagen v. Clum, 245 U.S. 605, 615, 38 S.Ct. 215, 62 L.Ed. 507; Straton v. New, 283 U.S. 318, 327, 328, 51 S.Ct. 465, 75 L.Ed. 1060; Collier on Bankruptcy, 14th Ed., p. 305; 8 C.J.S., Bankruptcy, § 12.

[11] 5 Cir., 113 F. 483, 488, wherein this court said: "The argument is that the proceeding in the state court is based on the general insolvency laws, and that its purpose is to wind up and distribute the estate of an insolvent debtor. * * * If the state court's jurisdiction depended alone on the insolvent traders' law * * *, its order appointing Carling receiver would be void. * * * But was the jurisdiction of the state court dependent on the validity of these Georgia statutes relating to insolvency? * * * Part of this property, but not all of it, is covered by the mortgages sought to be foreclosed in the state court. No separate questions are raised as to the property not mortgaged. The orders made by the bankruptcy court which are submitted for review and revision relate to all the property held by the receiver. A receiver or trustee, when appointed in the bankruptcy proceeding, while not entitled to the mortgaged property, will be entitled to any excess arising from the foreclosure sale, when made by order of the state court after the payment of the mortgages and costs of foreclosure."

tained only by the court below in the exercise of its summary jurisdiction.

In an appendix to appellee's petition for a rehearing, we are given some belated facts, which indicate that, in the present state of the record, there is no equity for unsecured creditors in the fund held by the state court. These facts are certified to by the appellee, and appended to his petition; but they may or may not be correct, and therefore we leave them to be presented to the court below in an orderly way, where issue may be taken thereon if desired. Some of these questions will become moot if the court below finds that there are no funds in the state court in excess of the amount needed to pay the judgment creditor and others similarly situated.

On the prior appeal, we held that the judgment creditor's suit in the state court was not superseded by the adjudication in bankruptcy.[12] On this appeal, the effort is to supersede said suit except as to the amount of the plaintiff's debt plus interest and costs. We are holding against this contention, because there are alleged to be a number of other liens on the property, the holders of which are proper, necessary, or indispensable parties to the proceeding to ascertain, marshal, and enforce liens thereon.

The state-court receiver is a ministerial officer, with no powers except those conferred by the order of his appointment and the practice of the court. He is an indifferent person between the parties, and has no title to or lien upon the property in his possession. He is appointed on behalf of all parties who may establish rights in the cause. His custody is that of the court; his right to retain possession is derived from the jurisdiction of the court, the correct exercise of which depends upon the claims of the plaintiff and interveners, and they assert no title to the property, only a lien thereon. One who has no title to property and no lien thereon does not have a substantial adverse claim as against the trustee in bankruptcy.

It must be conceded that the legal title to the res in controversy is in the trustee in bankruptcy, or will vest in him upon his appointment, which title is not affected by the prior possession of the state-court receiver;[13] and that the original plaintiff in the state proceeding is an adverse claimant whose lien (whether inchoate, complete, or contingent) was not invalidated by the adjudication in bankruptcy: but what about the interveners? Some of them may be simple contract creditors, without a lien upon or an interest in the property, who were not entitled to a receiver in order that the property might be forthcoming to satisfy their demands.[14]

Some of the interveners may have acquired liens by legal proceedings within four months of bankruptcy. The contingent lien of interveners in a creditor's suit may attach upon the filing of the bill, upon the appointment of a receiver, upon the service of process, upon the institution of suit and the issuance of process, upon the seizure of the property, or at the time of intervention. It varies in different jurisdictions. The law of Georgia is controlling upon the subject in this case. There is a distinction between the judgment lien given by the laws of some states and the lien that attaches by reason of a creditor's suit. The latter lien does not relate to the date of the judgment, and sometimes it attaches only from the date of an amended bill.[15]

The court below also had summary jurisdiction to appoint a trustee for the bankrupt estate (the creditors having failed to do so) and to direct him to petition the state court for permission to intervene in the creditor's suit as a judgment creditor holding an execution duly returned unsatisfied, and thereby to secure

---

[12] Atlanta Flooring & Insulation Co. v. Oberdorfer Ins. Agency, 5 Cir., 136 F.2d 457.

[13] 11 U.S.C.A. § 110, sub. a.

[14] Kimbrell v. Walters, 86 Ga. 99, 12 S. E. 305; Steele Lumber Co. v. Laurens Lumber Co., 98 Ga. 329, 24 S.E. 755; Smith v. Manning, 155 Ga. 209, 116 S.E. 813.

[15] 21 C.J.S., Creditors' Suits, § 85. In Merchants National Bank of Omaha v. McDonald, 63 Neb. 363, 88 N.W. 492, 89 N.W. 770, an intervener was held to be entitled to a lien on the fund sought to be reached from the date of the intervention.

for the general creditors the same character of contingent lien, if any, that the interveners similarly situated obtained by the creditor's suit.[16] Thus all general creditors would be put upon an equal footing as to liens, if any, acquired by the creditor's suit, but the enforcement of other liens, or the priority to which each was entitled, would not be affected.[17] This is a remedy that may have been lost by delay;[18] but if the right to intervene as a plaintiff has lapsed, the trustee may be permitted to intervene as a defendant to protect the interests of the bankrupt estate.

We think the court below should consider this case in its several aspects and determine, within the limits of its summary jurisdiction, what further action of a summary or plenary character should be taken. If it finds that there are funds in the custody of the state court that the latter is without jurisdiction to administer, instead of making a peremptory turn-over order the bankruptcy court should appoint a trustee and direct him to make application to the state court to surrender the funds to him as trustee in bankruptcy;[19] and, if plenary action is necessary, it may direct the trustee either to intervene in the state court as plaintiff or defendant or to file an independent action against the state-court receiver in some other court of competent jurisdiction, but comity requires that he be directed to intervene in the state court. An injunction may also be granted in a proper case to prevent the improvident distribution of the fund until the controversy is finally decided, but an injunction to restrain. a court may be issued by the bankruptcy court on the order of the judge only.[20] It may not be issued by the referee.[21]

The petition for rehearing should be, and the same hereby is, denied.

[16] 11 U.S.C.A. § 110, sub. c.

[17] 21 C.J.S., Creditors' Suits, § 84c.

[18] 11 U.S.C.A. § 29, sub. e.

[19] "While it is a general rule that a federal court may not enjoin proceedings in a state court, an exception is made in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. Rev.St.U.S., § 720 [28 U.S.C.A. § 379]. When the state court is in possession, through its receiver, of assets that it is without jurisdiction or authority to hold against a receiver or trustee appointed in bankruptcy proceedings, instead of making a peremptory order on the receiver of the state court to surrender the funds, an injunction, if necessary, might be granted by the bankruptcy court to prevent the unlawful distribution of the assets, until application could be made to the state court for an order to its receiver to surrender the assets to the proper custodian." Carling v. Seymour, 5 Cir., 113 F. 483, 491.

[20] 11 U.S.C.A. § 11, sub. a (15); Collier on Bankruptcy, 14th Ed., p. 252 et seq.

[21] 11 U.S.C.A. § 1 (20).