In the Matter of BRONSON WOOD-
WORTH, INC., Bankrupt.
Bank of Russellville, Respondent.
No. LR 63 B 235.

United States District Court
E. D. Arkansas, W. D.
Dec. 6, 1963.

D. D. Panich, Little Rock, Ark., for trustee-in-bankruptcy, petitioner.

Robert H. Williams of Williams & Gardner, Russellville, Ark., for respondent.

YOUNG, District Judge.

This petition was filed by G. L. Nicklaus, Trustee in Bankruptcy for Bronson Woodworth, Inc., an Arkansas corporation, seeking to set aside an order of this Court entered August 15, 1963 in case No. LR 63 CR 132, delivering possession of $99,000 worth of bonds to the respondent, the Bank of Russellville, and an order restraining and enjoining the Bank of Russellville and the Chancery Court of Pope County, Arkansas, from proceeding further in case No. 10159 pending in said Court. The proceeding in the Pope Chancery Court was commenced July 20, 1963 against Bronson Woodworth, Inc., a corporation, Bronson Woodworth, individually, Elaine Woodworth, et al., to declare a constructive trust upon $130,000 which the Bank alleges was obtained from it by the fraud of Bronson Woodworth, Inc., a corporation. The trustee in bankruptcy was appointed as the result of an in-

voluntary petition filed September **5,** 1963.

It is admitted that the Bank, upon a check drawn on the account of Bronson Woodworth, Inc., issued its money order payable to Hill, Crawford & Lanford; that Bronson Woodworth delivered the money order to Hill, Crawford & Lanford obtaining the bonds of the value of $99,-000, and $31,000 in currency in denominations of $100 bills; and that Bronson Woodworth sent to various people currency in the form of $100 bills (usually in the amount of $3,000 to each person) with direction to hold the same for the use and benefit of Bronson Woodworth. Some of the people to whom the money was sent turned it over to Elaine Woodworth, the wife; some turned the money over to counsel for Woodworth. This money was subsequently paid into the Pope Chancery Court. One person, Thomas Bash, has turned $3,000 over to the Trustee herein.

The $99,000 in bonds came into the hands of the United States Marshal for the Eastern District of Arkansas, and under an order of this Court in a criminal proceeding against Bronson Woodworth (No. LR 63 CR 132), were turned over to the Bank of Russellville before the petition in bankruptcy was filed. Two thousand nine hundred ninety-nine dollars eighty-five cents ($2,999.85—being $3,000.00 less 15¢ bank charge) of the money in the registry of the Pope County Chancery Court was received by the Clerk of that Court prior to the date the petition in bankruptcy was filed. Nineteen thousand six hundred Dollars ($19,-600) of the funds held by the Pope Chancery Court were paid to the Clerk of that Court by Elaine and Bronson Woodworth after the petition in bankruptcy was filed. Elaine Woodworth and Bronson Woodworth had been enjoined by the Pope Chancery Court prior to the filing of the petition in bankruptcy, from transferring or disposing of the funds so obtained in the form of $100 bills.

The Trustee takes the position that the right of ownership of the property involved is not now before the Court—that the only question is, "WHICH COURT HAS THE JURISDICTION TO DETERMINE THE RIGHT OF OWNERSHIP?" He relies upon 11 U.S.C. §§ 11, sub. a(7) and 11, sub. a(21) and asserts that this Court has summary jurisdiction over the property and has the authority to bring all parties into this Court and determine all rights therein.

The respondent for its position cites 9 Am.Jur.2d 101, § 58 under the title "BANKRUPTCY" as follows:

"A suit by way of replevin or otherwise to determine title to property is not abated for want of jurisdiction to proceed by the bankruptcy of the defendant, where the property involved was seized in pursuance of the suit before the filing of the bankruptcy petition. The jurisdiction of the bankruptcy court is not exclusive of the jurisdiction of the state court to proceed to the determination in such case of the question of title. Whether or not a proceeding in the state court is such as to bring the property therein involved within the custody of the state court is a question upon which the state law is controlling."

The statement from Am.Jur.2d is in accord with the adjudicated cases on the subject. See In re Hoey, Tilden & Co., D.C., 292 F. 269; Atlanta Flooring & Insulation Co. v. Russell (5 Cir. 1944), 145 F.2d 493, rehearing denied 146 F.2d 884, certiorari denied 325 U.S. 862, 65 S.Ct. 1202, 89 L.Ed. 1983. In the latter case (145 F.2d at page 496), it was said:

"An adjudication of bankruptcy draws to the bankruptcy court jurisdiction to administer all nonexempt property of the bankrupt, even though it may be subject to a valid lien; but where, prior to the filing of the petition in bankruptcy, a state court has obtained custody of such property in proceedings to enforce a lien not affected by bankruptcy, such custody will not be disturbed, nor the orderly procedure of the state court enjoined, by a court of bankruptcy."

264

■ Another exception to the summary jurisdiction of the bankruptcy court under 11 U.S.C. §§ 11, sub. a(7) and 11 sub. a(21) is where one is in possession of the property claiming adversely. Atlanta Flooring & Insulation Co. v. Russell, 5 Cir., 146 F.2d 884, and Collier on Bankruptcy, § 23.06.

■ 1. With respect to the $99,000 in bonds, the Bank or Russellville has possession of these bonds and claims that it is entitled to them. This claim is at issue in the suits pending in the Pope Chancery Court filed prior to the bankruptcy proceeding. The bank is an adverse holder, and for relief the Trustee should resort to the Pope Chancery Court.

■ 2. With respect to the money paid into the Chancery Court of Pope County prior to the date of the petition in bankruptcy there can be no question about custody, and with respect to this money on which the bank claims a constructive trust, the Trustee under the authority of the case of Atlanta Flooring & Insulation Co. v. Russell, supra, should intervene in the Pope County Chancery Court if he wishes to contest the alleged constructive trust.

3. The problem as to the money paid into the Pope County Chancery Court subsequent to the date of the filing of the bankruptcy petition is not so easily resolved. A complicating fact is that prior to the date of the filing of the petition in Bankruptcy, Elaine Woodworth and Bronson Woodworth had been enjoined and restrained by the state court from transferring or disposing of any of the funds, and the Clerk of the Court was appointed receiver to accept and hold any and all property, money, claims or interest in which Bronson Woodworth, Inc. had or claimed a legal ownership pending the litigation. In the case of In re Hoey, Tilden & Co., D.C., 292 F. 269, Judge Learned Hand, without stating the theory on which he acted, said:

"As it was a suit to establish a constructive trust in specific property, it was not superseded by the bankruptcy proceedings. * * *

"There is, however, no case that I can find which holds that after a suit *in rem* has been started in a state court, bankruptcy proceedings are in a different position from any other judicial proceedings; or that the earlier court must yield because the later court is one of bankruptcy. Furthermore, it is not in this class of cases necessary that the earlier court should have actually assumed custody of the *res* before the second suit is commenced. * * * *"

There is competent authority to the effect that a state court's jurisdiction is based upon comity and exists only where the state court has obtained possession of the property prior to bankruptcy through proceedings not invalidated by the Bankruptcy Act. See Collier on Bankruptcy § 23.17. Under this view it would appear that the Pope County Chancery Court had not obtained such possession of the property as would have prevented an attachment or garnishment of the money from another court and that consequently it did not have such possession as would entitle it to the comity recognized in the bankruptcy cases.

However, since it is obvious that the trustee must intervene in the Pope County Chancery Court with respect to the major portion of the property, there is no logical reason why he should not be directed to enter his appearance in that Court to have his rights determined with respect to all of the property now in the custody of that Court. This would avoid duplicate litigation, permit an expeditious resolution of the controversy, and result in less expense to the bankrupt estate. For authority of a Bankruptcy Court to so order, see Collier on Bankruptcy § 2.07.

■ A considerable portion of the Trustee's brief is devoted to a petition that was filed in the Pope County Chancery Court (Cause No. 10158) by Bronson Woodworth, Inc. for a liquidation and winding up of its affairs under the State's insolvency law. Since this proceeding was mentioned in an order in Pope County Chancery Court Case No.

10159, about which the Trustee is now complaining, the Trustee argues that said cause No. 10159 is nothing but an insolvency proceeding. This argument appears to be answered, contrary to the Trustee, in Atlanta Flooring & Insulation Co. v. Russell (5th Cir. 1944) 145 F.2d 493, 495, where it was said:

> "To the extent that the suit was an insolvency proceeding under state law, it was superseded by bankruptcy as of the time of the filing of the petition; to the extent that it sought to ascertain, marshal, and enforce valid liens not affected by bankruptcy, and only to that extent, the suit was not superseded by said adjudication; but the receiver in bankruptcy is entitled to the excess of the proceeds of the sale after such liens are satisfied."

The same reasoning should apply here as to any funds on which a constructive trust is not sustained.

The Trustee's petition will be denied.