G. L. NICKLAUS, Trustee in Bankruptcy of the Estate of Bronson Woodworth, Inc., Bankrupt, Appellant,

v.

PEOPLES BANK & TRUST COMPANY, RUSSELLVILLE, ARKANSAS, Appellee.

No. 18270.

United States Court of Appeals Eighth Circuit.

Dec. 14, 1966.

D. D. Panich, Little Rock, Ark., filed printed brief for appellant.

Robert J. White, Russellville, Ark., and Harry E. Meek, Little Rock, Ark., filed printed brief for appellee.

Before VOGEL, Chief Judge, VAN OOSTERHOUT and LAY, Circuit Judges.

PER CURIAM.

This is an appeal from a bankruptcy proceeding instituted in the District of Arkansas, the Honorable Gordon E. Young presiding. G. L. Nicklaus, Trustee in Bankruptcy of the Estate of Bronson Woodworth, Inc., seeks to recover the sums of $17,389.17 and $3,450.50 paid by the bankrupt to the appellee, Peoples Bank & Trust Company of Russellville Arkansas, on the theory that they were fraudulent conveyances under §§ 67(d) and 70(e) of the Bankruptcy Act, Tit. 11 U.S.C. § 107(d) and Tit. 11 U.S.C. § 110

(e), and under the authority of § 68–1302, Arkansas Statutes, 1947. The sums were paid more than four months before the date of bankruptcy in satisfaction of an antecedent debt. The lower court denied recovery. The trustee prosecutes this appeal.

Prior to bankruptcy Bronson Woodworth, Inc. borrowed $171,350.91 from the Bank of Russellville pledging worthless security. At the same time, Peoples Bank, the appellee herein, demanded payment of an existing indebtedness of $20,786.11. The bankrupt accomplished payment by transferring a credit in his favor at Merrill, Lynch, Pierce, Fenner & Smith, Inc. for $3,450.50 to the defendant bank along with a cashier's check drawn on the Bank of Russellville for $17,389.17. The latter amount was from the fund of $171,350.91 deposited in the bankrupt account in the Bank of Russellville.[1] Appellee had no notice that the bankrupt had been obtaining credit from the Bank of Russellville.

 The trial court found that the payments made by the bankrupt to the Peoples Bank were not fraudulent conveyances and that the bank had accepted these payments in good faith without notice of any fraud. The court, in accordance with its findings in this case, properly observed that a mere preference of one creditor over another should not be confused with a fraudulent conveyance. As this court said in Charlesworth v. Hipsh, Inc., 8 Cir., 84 F.2d 834, 836, cert. den. 299 U.S. 594, 57 S.Ct. 119, 81 L.Ed. 438:

> "To constitute a conveyance voidable under the provisions of 67e (now 67d (2)d), actual intent on the part of the debtor to hinder, delay, or defraud creditors must be shown, and that requirement is not satisfied by a showing that in the light of subsequent events

an actual preference may have been effected by the payment in question."

Aside from actual fraud there can be no fraud presumed in law. The payment in this case was for an antecedent debt and was accepted by the bank in good faith. See 67d(2) a, b, c & d(1)e of the Bankruptcy Act.

We are in full accord with Judge Young's view of the authorities and, based upon the record, the factual findings of the trial court of "fair consideration" and the absence of "notice," "actual intent"[2] and "fraud" are not clearly erroneous. We adopt the lower court's opinion reported in 258 F.Supp. 482 which more adequately answers all of appellant's contentions on this appeal.

Accordingly, we affirm his decision.

---

1. For history of previous litigation concerning this particular phase of the bankrupt's estate see In re Bronson Woodworth, Inc., 229 F.Supp. 262 (D.C.1963), aff'd Nicklaus v. Bank of Russellville, 8 Cir., 336 F.2d 144.

2. Such finding is implicit in the lower court's opinion that in fact the transfer was not fraudulent. The question of fraudulent intent is clearly a question of fact. See Blackman v. Bechtel, 8 Cir., 80 F.2d 505.