In the Matter of ISIS FOODS, INC., Debtor.

John R. STONITSCH, Trustee in bankruptcy, Plaintiff,

v.

STRICK LEASE, INC., Defendant.

Bankruptcy No. 82–00209–3–11.

Adv. No. 82–0933–3–11.

United States Bankruptcy Court, W.D. Missouri, W.D.

Jan. 5, 1983.

Daniel J. Flanigan, Kansas City, Mo., for plaintiff.

Karen M. See, Kansas City, Mo., for defendant.

ORDER DENYING MOTION OF DEFENDANT TO DISMISS COMPLAINT AND SETTING PRETRIAL CONFERENCE TO DETERMINE TIMING OF DISCOVERY AND TRIAL DATE

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the plaintiff trustee in bankruptcy to recover an alleged preference pursuant to § 547 of the Bankruptcy Code. The defendant moves to dismiss this action for lack of bankruptcy court jurisdiction under the rule of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), striking the bankruptcy court jurisdictional statute, § 1471, Title 28, United States Code, effective December 24, 1982.

The motion should be denied if an action to recover a preference can be considered as a matter integral to the administration and distribution of the bankruptcy estate. Of such matters, it has ordinarily been held that the bankruptcy court has inherent jurisdiction, not dependent on statute. "Property in the custody of a court of equity for administration is always held by it in trust

for those to whom it rightfully belongs. The jurisdiction to inquire and determine who the lawful owners of it are and to that end to call before it all claimants by a reasonable notice or order to present their claims to the court within a reasonable time, or to be barred of any right or interest in the property in its custody, or in its proceeds, is a power *inherent* in every court of equity, incidental and indispensable to the authority to administer the property in its possession and to distribute its proceeds." *In re Rochford,* 124 F. 182, 187 (8th Cir.1903); 2 Collier on Bankruptcy ¶ 23.03, p. 444, n. 6 (1976) (Emphasis added.) The court of bankruptcy, which is still explicitly confided all the power to issue all process, orders and judgment "necessary or appropriate to carry out the provisions of this title," § 105(a) of the Bankruptcy Code, has virtually from its inception been considered to be invested with this "inherent" jurisdiction which is not dependent for its existence upon any statute.

Accordingly, it was traditionally observed by the authorities on bankruptcy law that the summary jurisdiction of the court of bankruptcy to "act summarily regarding controversies over property in its actual or constructive possession and proceedings arising in the course of administration" is not restricted by any statute.[1] 2 Collier on Bankruptcy ¶ 23.03, p. 443 (1976). "Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States *this ancillary jurisdiction may be exercised though it is not authorized by any statute.* The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other court, although otherwise the controversy would be cognizable in them." *Murphy v. John Hofman Co.,* 211 U.S. 562, 570, 29 S.Ct. 154, 157, 53 L.Ed. 327 (1909) (Emphasis added); *Wabash R. Co. v. Adelbert College,* 208 U.S. 38, 54, 28 S.Ct. 182, 187, 52 L.Ed. 379 (1980); 2 Collier on Bankruptcy ¶ 23.03, pp. 443, 444, n. 3 (1976).

The pivotal question now to be resolved is whether money or property sought to be recovered as a preference can be considered to be in the "constructive possession" of the bankruptcy court. If money or property is held in the actual possession of a person other than the debtor or bankruptcy estate, "the question becomes one of the substantiality of the claim under which possession is held, and that possession will be unavailing where the claim asserted is merely colorable." 2 Collier on Bankruptcy ¶ 23.05[1], p. 472 (1976). Under the former Bankruptcy Act, it was sufficient to establish a substantial adverse claim which placed the money or property out of the constructive possession of the bankruptcy court that the payment had been made on account of an antecedent debt. 2 Collier on Bankruptcy ¶ 23.06[9], pp. 515–518 (1976). But, under the substantive provisions of the new Bankruptcy Code, all sums recovered by the trustee under, *inter alia,* § 550 of the Bankruptcy Code, which includes preferential transfers, are expressly made part of the bankruptcy estate.[2] And, further, while the former Bankruptcy Act expressly provided that, absent consent, plenary actions to recover preferences could not be brought in the bankruptcy court, see § 60b of the

---

1. Thus, under the former Bankruptcy Act, it was noted that the jurisdictional statute then in force, § 23 of the Bankruptcy Act, "relates chiefly to the jurisdiction of the district court ... over plenary actions, although the provisions in § 23b may operate to allow a bankruptcy court to exercise summary jurisdiction where it might not otherwise exist." 2 Collier on Bankruptcy ¶ 23.03, pp. 443–444 (1976).

2. See § 541(a)(3) of the Bankruptcy Code, providing that the bankruptcy "estate is compromised of the following property, wherever located ... Any interest in property that the trustee recovers under section ... 550 ... of this title." Section 550, in turn, provides for the trustee's recovery from immediate and immediate transferees any property or its value transferred by means of a transfer avoided under, *inter alia,* § 547 of the Bankruptcy Code.

Bankruptcy Act, there is now no such statute in existence.

It would appear that, in this action arising solely under the federal bankruptcy laws, it is those laws which now control the issue of what property is in the constructive possession of the bankruptcy court and whether, therefore, actions to require turnover of the property are within the inherent equity jurisdiction of the bankruptcy court. In expressly providing that moneys and property recoverable by the trustee exercising his avoiding powers are part of the estate, the new Code clearly and explicitly places those moneys and property in the constructive possession of the bankruptcy court.[3] Therefore, this action is within the bankruptcy court's nonstatutory equity jurisdiction to administer and distribute the estate which is in its possession.[4]

And, it can be seen that, because an action to recover a preference arises and is governed exclusively by the federal bankruptcy law, it does not offend the rule of the *Marathon* case, *supra,* to hold that such an action is inherently within bankruptcy court jurisdiction. Accordingly, Congress can, as it has done, lawfully define the estate so as to include recoverable preferences.[5]

In accordance with the foregoing principles, the defendant's motion to dismiss must be denied. A pretrial conference should accordingly be held to prepare this action for trial in the bankruptcy court.

It is therefore

ORDERED that defendant's motion to dismiss be, and it is hereby, denied. It is further

ORDERED that a pretrial conference be held on January 19, 1983, at 11:30 p.m. in Room 945, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri, to determine the timing of discovery and trial.

---

3. In this regard, the difference between the former Bankruptcy Act and the current Bankruptcy Code is instructive. Section 70a(4) of the Bankruptcy Act provided that the *trustee* in bankruptcy should be vested with title, "as of the date of the filing of the petition," of "property transferred by [the bankrupt] in fraud of his creditor." Accordingly, prepetition transfers could not be considered as in the custody of the bankruptcy court until they were actually avoided by the trustee. But § 541 of the Bankruptcy Code *defines* the bankruptcy *estate* as including, from the date of commencement of the title 11 proceedings, the proceeds of avoided transfers, "wherever located." Thus, by definition in the statute, under the new Code, a recoverable preference is in constructive possession of the court of bankruptcy from the date of the inception of these title 11 proceedings. And it is well established that congress may define what is in the constructive possession of the bankruptcy estate. Cf. *Matter of Anderson,* 12 B.R. 483 (Bkrtcy.W.D.Mo. 1981).

4. This conclusion is supported by the emergency local rule under which the district courts to take over some of the jurisdiction of the bankruptcy court insofar as it defines a preference action under § 547 as a "non-related action" which is within the exclusive jurisdiction of the bankruptcy court.

5. See note 3, *supra.*