**In the Matter of ISIS FOODS, INC., Debtor.**

**John R. STONITSCH, trustee in bankruptcy, Plaintiff,**

v.

**FASS BROTHERS, INC., Defendant.**

**Bankruptcy No. 82–00209–3–11.**
**Adv. No. 82–2191–3–11.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Dec. 21, 1983.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND SETTING TRIAL OF MERITS

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff, in his within complaint, seeks recovery of an alleged preferential transfer under the provisions of section 547 of the Bankruptcy Code. The defendant, in its answer, in addition to answering on the merits, moves, in effect, to dismiss the complaint, alleging that "this court does not have jurisdiction over plaintiff's Complaint and that the exercise of jurisdiction by the court in this case is unconstitutional by virtue of the decision of the U.S. Supreme Court in *Northern Pipeline (Constr. Co.) v. Marathon Pipe Line Co.,* ( [458 U.S. 50] 102 S.Ct. 2858 [73 L.Ed.2d 598] )."

The motion to dismiss should be denied. It is well settled in traditional bankruptcy law that the bankruptcy court which has taken property into its actual or constructive possession has exclusive, non-statutory, equity jurisdiction to govern the administration and distribution of that property. *Murphy v. John Hofman Co.,* 211 U.S. 562, 569, 29 S.Ct. 154, 156, 53 L.Ed. 327 (1909) ("Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States, this ancillary jurisdiction may be exercised, though it is not authorized by any statute."); *Atlanta Flooring & Insulation Co. v. Russell,* 145 F.2d 493, 495 (5th Cr.1944) ("(W)hen a court of competent jurisdiction in appropriate proceedings has taken possession of property, all other courts are powerless to disturb that possession, and the court having custody has jurisdiction to hear and determine all questions necessary to a complete adjudication of the cause and ancillary jurisdiction to determine all questions respecting the title, possession, or control of the property. This principle is applicable to all state and federal courts, including courts of bankruptcy.") The "bankruptcy court," under section 105 of the Bankruptcy Code, is a "court of competent jurisdiction" within the meaning of the foregoing authorities insofar as it exclusively is delegated the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," so long as the "order, process, or judgment" is issued with respect to property in its actual or constructive possession. "The summary jurisdiction of the bankruptcy court is in general limited

to proceedings in bankruptcy where the property is actually or constructively in the possession and control of the court." *Coffman v. Cobra Mfg. Co.,* 214 F.2d 489, 491 (9th Cir.1954). By virtue of the provisions of section 541 of the Bankruptcy Code, recovers in preference cases are defined as part of the bankruptcy estate from the time of the commencement of the title 11 proceedings. See *Matter of Isis Foods, Inc.,* 26 B.R. 122, 9 B.C.D. 1291, 1292, 1293 (Bkrtcy. W.D.Mo.1983) ("Section 541 of the Bankruptcy Code defines the bankruptcy estate as including, from the date of commencement of the Title 11 proceedings, the proceeds of avoided transfers, 'wherever located.' Thus, by definition ... a recoverable preference is in constructive possession of the court of bankruptcy from the date of inception of ... Title 11 proceedings."). And, because the recovery of a preference is an action arising solely under the federal bankruptcy law, it does not offend the rule of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), for the article I bankruptcy court to try and determine the matter.

It is therefore, for the foregoing reasons,

ORDERED that the defendant's motion to dismiss the complaint be, and the same is hereby, denied. It is further

ORDERED that the trial of the merits of this action be set for January 26, 1984, at 10 a.m. in Room 945, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri.