In re LUCAR ENTERPRISES, INC., Debtor.

William ROEMELMEYER, Plaintiff,

v.

INTERCONTINENTAL BANK, Defendant.

Bankruptcy No. 84–00405–BKC–TCB.
Adv. No. 85–0031–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

April 2, 1985.

Thomas Lehman, Miami, Fla., for plaintiff.

William E. Davis, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance under 11 U.S.C. § 548(a)(1) of an alleged fraudulent transfer of $51,109 on November 21, 1983 from the debtor to the defendant bank. The transfer occurred five months before bankruptcy. The bank has answered and the matter was tried on February 21.

The evidence is not in significant conflict. On the date in question the bank set off the amount in question from the debtor's account deposited in the bank. At that time, the debtor owed the bank $147,528 as an antecedent unsecured obligation. The debt was reduced by the amount of the set-off/transfer.

The trustee does not dispute the antecedent debt nor does he question the bank's right to set off a part of the debt against its customer's account. He alleges that the setoff/transfer was made "with an actual intent to hinder, delay or defraud" the debtor's other creditors, because it:

> "consumated a scheme, the effect of which was to convert an unsecured debt owed by [the debtor] to [the bank] into a secured debt owed by [a third party]."

The scheme was made possible by the fact that both the debtor and the third party were controlled by the same person who had personally guaranteed the bank's claim. The scheme was implemented by the third party's borrowing $147,528 from the bank to pay the debtor for the sale of its inventory to the third party. The loan proceeds were immediately paid to the debtor by crediting the debtor's account, against which the bank exercised its right of setoff.

There is no question that these events occurred or that they were expected and intended by all three parties. The question is whether the debtor had an actual intent through these transactions to delay or defraud creditors and, if so, whether the bank acted in good faith. The requisite intent is denied.

I find that the trustee has failed to carry his burden of proving an actual intent to delay or defraud creditors. Alternatively, I find that the bank exercised its setoff "for value and in good faith" and is, therefore, entitled under § 548(c) to retain the setoff.

■ I agree with the trustee that as a result of this scheme, the bank was deliberately given and knowingly received a preferential payment of a part of its unsecured debt. However, I agree with the holdings in the Second and Eighth Circuits that the intent which the trustee must prove under § 548(a) must be more than a simple intent to prefer a creditor. *Richardson v. Germania Bank*, 263 Fed. 320 (2nd Cir.1919), *cert. denied*, 252 U.S. 582, 40 S.Ct. 393, 64 L.Ed. 727 (1920); *Irving Trust Co. v. Chase National Bank*, 65 F.2d 409 (2nd Cir.1933); *Sargent v. Blake*, 160 Fed. 57 (9th Cir.1908); *In re Braus*, 248 Fed. 55 (2nd Cir.1917).

■ The Code specifies which preferential transfers are permissible and which are avoidable. § 547(b). I cannot ascribe to § 548(a)(1) a legislative intent to authorize the avoidance of a transaction made with an intent to effect a preferential transfer simply because that was the actual intent of the parties. *Collier on Bank-*

*ruptcy* ¶ 548.02[4] n. 35 (15th Ed.). The Code provides a complete remedy to recover impermissible preferential transfers. This transfer was permissible. It occurred more than 90 days before bankruptcy and it was not made to an insider. I cannot believe that § 548(a)(1) may be invoked to recover a permissible transfer.

 Similarly, I cannot find that the bank acted in bad faith merely because it knew that the debtor intended to partially satisfy an unsecured debt owed to it. Admittedly the bank took for value. § 548(d)(2)(A). If it also acted in *good faith,* it may keep the setoff. § 548(c); *Nicklaus v. Peoples Bank & Trust Co.,* 369 F.2d 683 (8th Cir.1966).

The trustee has argued that the scheme deprived the creditors of notice under the Bulk Sales Act. *Fla.Stat.* § 676.105 and § 676.107 (1983). If those provisions were applicable here, that statute also provides an adequate remedy against the third party who bought the stock in trade, not against the bank that funded the purchase.

Recognizing this fact, the trustee argues that if the Bulk Sales notice had been given, some creditors would have put the debtor into bankruptcy sooner and, therefore, made the transfer an avoidable preference under § 547(b).

 I recognize that this court may infer a fraudulent intent for the purpose of § 548(a)(1) where:

"the concurrence of facts which, while not direct evidence of actual intent, lead to the irresistible conclusion that the transferor's conduct was motivated by such intent. *Collier on Bankruptcy* ¶ 548.02[5] n. 46. (15th Ed.).

However, I am unable to infer that the debtor or its controlling agent, Carcas, actually had the intent now ascribed to them by the trustee's counsel.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint. Costs may be taxed on motion.